UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER E. TASCIOTTI and
JOHN DERMGRDICHIAN,

                                Plaintiffs,

v.

                                                1:22-CV-00238
                                                (DNH/TWD)

EDMUND V. HAFFMANS, et al.,

                                Defendants.
_____

APPEARANCES:

PETER E. TASCIOTTI
  Plaintiff, *pro se*
130 Cedar Drive
Kerhonkson, NY 12446

JOHN DERMGRDICHIAN
  Plaintiff, *pro se*
130 Cedar Drive
Kerhonkson, NY 12446

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION AND ORDER</u>

       Peter E. Tasciotti ("Tasciotti") and John Dermgrdichian ("Dermgrdichian") (together "Plaintiffs"), proceeding *pro se*, filed a complaint against Edmund V. Haffmans, Gloria Sun Yun Trust, Gloria Sun Jung Yun, John Doe, and Jane Doe (collectively, "Defendants"). Plaintiffs have not paid the statutory filing fee for this action and seek leave to proceed *in forma pauperis*. (Dkt. Nos. 2, 3 ("IFP Applications".)

       A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiffs' IFP Applications

(Dkt. Nos. 2, 3) the Court finds they meet this standard.  Therefore, Plaintiffs' IFP Applications are granted. [1]

28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2)(B)(ii).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

A *pro se* litigant's pleadings are held to a less strict standard than attorney drafted pleadings. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties.").

---

[1]  Plaintiffs should note that, although their applications to proceed *in forma pauperis* have been granted, they will still be required to pay fees that they may incur in this action, including copying and/or witness fees.

Because Plaintiffs are proceeding *pro se*, the Court construes their pleadings "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [*pro se* litigant] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Moreover, a court should not dismiss a *pro se* complaint "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiffs' complaint, submitted on a *pro forma* complaint pursuant to the Americans with Disabilities Act, fails to provide sufficient information for the Court to review or for Defendants to have notice of the claims against them. From what the Court can glean, Plaintiffs allege physical and mental disabilities and are suing Edmund V. Haffmans (Landlord/Seller of R.E.), Gloria Sun Yun Trust, and Gloria Sun Jung Yun (Landlord's Lawyer (Private Attorney), along with unidentified individuals under the Americans with Disabilities Act.[2] (Dkt. No. 1 at ¶¶ 3,4.)

---

[2] The Court notes that on March 11, 2022, the Clerk's Office mailed a Text Notice to Plaintiffs, which stated as follows:

> Although the plaintiff herein has named John Doe defendant(s) in the Complaint, the Clerk's Office will not issue summons(es) for service of process on a John Doe defendant(s) at this time. In the event plaintiff wishes to pursue the claims against this defendant, plaintiff shall take reasonable steps to ascertain their identity. When plaintiff determines the identity of the John Doe defendant(s), plaintiff may seek to amend the pleading to add the

Specifically, they complain of the following conduct: termination of employment, denial of participation in public service and accommodation, failure to make accommodations, retaliation, and "other acts" such as "harassment and mockery of disability status" and "slander to the public and friends". *Id*. at ¶ 5. Although the section of the complaint titled "Facts" refers the Court to "see, additional page", there is no additional page attached. *Id*. at ¶ 6. Plaintiffs request that this Court grant the following relief:

- Continuation of our employment to repair home/landlord's property to habitability (at #130 Cedar Drive).
- Resumption of: electrical, heating, internet, and phone utilities for our basic human needs. Central Hudson, etc.
- Landlord to abide conditions of property agreement: to install solar-powered hot water and solo photovoltaic
- Punitive damages to be recompensated for harm, physical, mental, and emotional incurred throughout 2+ years due to words, deeds, actions of the Defendants.

*Id*. at 7. Here, the haphazard collection of allegations does not provide any indication of the causes of action Plaintiffs intend to assert or whether this Court has jurisdiction over the action.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction . . . ;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

---

properly named defendant(s) pursuant to FED. R. CIV. P. 15 and summons(es) will be issued at that time.

(*See* 03/11/2021 Text Notice.) However, on March 24, 2022, that mailing was returned to the Court as undeliverable. (Dkt. No. 5.) The envelope was marked, "Return to Sender. No Mail Receptacle. Unable to Forward." *Id*. Under this Court's local rules of practice, an unrepresented litigant is under a duty to inform the Court of any address changes IN WRITING. *See* L.R. 10.1(c)(2). For the orderly disposition of cases, it is essential that litigants keep the Court informed of address changes. Plaintiffs must promptly notify the Clerk's Office, in writing, of any change in address.

> (3) a demand for the relief sought, which may include relief in the
> alternative or different types of relief.

Fed. R. Civ. P. 8(a).  Rule 8's purpose "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)).  Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> (b) Paragraphs; Separate Statements.  A party must state its claims
> or defenses in numbered paragraphs, each limited as far as
> practicable to a single set of circumstances. . . .

Fed. R. Civ. P. 10(b).  Rule 10's purpose is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citation omitted).

A complaint that does not comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court.  *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted).

Here, the Court recommends the complaint be dismissed because it is not acceptable under Rules 8 and 10 of the Federal Rules of Civil Procedure and Plaintiffs' claims are entirely unclear.  However, considering their *pro se* status, the Court further recommends Plaintiffs be

given an opportunity to amend the complaint to comply with the basic pleading requirements set forth above.[3]  *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiffs' IFP Applications (Dkt. Nos. 2, 3) are **GRANTED** solely for purposes of initial review; and it is further

**ORDERED** that Plaintiffs must submit any address changes to the Court, in writing, and must continue to do so while this action is pending; failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of this action; and it is further

**RECOMMENDED** that Plaintiffs' complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**, and it is further

**ORDERED** that the Clerk provide Plaintiffs with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the

---

[3]  If the District Court adopts this Report-Recommendation, and if Plaintiffs choose to file an amended complaint, the pleading must comply with Rules 8 and 10 of the Federal Rules.  Any such amended complaint must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act.  *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  Any such amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court.  *See Shields v. City Trust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

[4]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1)

(Supp. 2013); Fed. R. Civ. P. 72, 6(a).


Dated:  March 30, 2022
         Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge

---

Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day
that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).