UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETER E. TASCIOTTI and
JOHN DERMGRDICHIAN,

              Plaintiffs,

              -v-              1:22-CV-238

EDMUND V. HAFFMANS,
Landord/Seller of R.E., GLORIA
SUN YUN TRUST, GLORIA SUN
JUNG YUN, Landlord's Lawyer
(Private Attorney), JOHN DOE, and
JANE DOE,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                       OF COUNSEL:

PETER E. TASCIOTTI
Plaintiff, Pro Se
130 Cedar Drive
Kerhonkson, NY 12446

JOHN DERMGRDICHIAN
Plaintiff, Pro Se
130 Cedar Drive
Kerhonkson, NY 12446

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On March 11, 2022, *pro se* plaintiffs Peter E. Tasciotti ("Tasciotti") and John Dermgrdichian ("Dermgrdichian") (collectively "plaintiffs") filed this action alleging that defendants violated their rights under the Americans with Disabilities Act. Dkt. No. 1. Along with their complaint, plaintiffs filed separate applications to proceed *in forma pauperis* ("IFP Applications"). Dkt. Nos. 2, 3.

On March 30, 2022, U.S. Magistrate Judge Thérèse Wiley Dancks granted plaintiffs' IFP Applications but advised by Report & Recommendation ("R&R") that the complaint be dismissed without prejudice and with leave to amend. Dkt. No. 6. As Judge Dancks explained, in its current form the complaint's "haphazard collection of allegations does not provide any indication of the causes of action Plaintiffs intend to assert or whether this Court has jurisdiction over the action." *Id.* However, in light of plaintiffs' *pro se* status, Judge Dancks recommended that plaintiffs be given an opportunity to amend their pleading in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure. *Id.*

Plaintiffs have filed objections. Dkt. No. 8. Plaintiffs have also filed a "timeline of harm and injury." Dkt. No. 9. This second document provides certain details that were absent from plaintiffs' initial pleading. However, standing alone this document fails to cure the defects identified in the

R&R.  Thus, upon *de novo* review of plaintiffs' objection, the R&R will be accepted and adopted in all respects.  28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1.  The Report & Recommendation is ACCEPTED;

2.  Plaintiffs' complaint is DISMISSED with leave to amend;

3.  Plaintiffs shall have thirty days from the date of this Order in which to amend their pleading[1] in accordance with the instructions set forth in Judge Dancks's Report & Recommendation and this Order; and

4.  If plaintiffs do not file an amended complaint within this thirty-day period, the Clerk of the Court shall enter a judgment accordingly and close the file without further Order of this Court.

IT IS SO ORDERED.

Dated: April 22, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge

---

[1] Plaintiffs are free to include in any new filing the information they have outlined in their "timeline of harm and injury."