UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER E. TASCIOTTI and
JOHN DERMGRDICHIAN,

                                    Plaintiffs,
                                                                    1:22-CV-00238
v.                                                                  (DNH/TWD)

EDMUND V. HAFFMANS,
Landlord/Seller of R.E., GLORIA
SUN YUN TRUST, GLORIA SUN
JUNG YUN, Landlord's Lawyer
(Private Attorney), JOHN DOE, and
JANE DOE,

                                    Defendants.
_____

APPEARANCES:

PETER E. TASCIOTTI
Plaintiff, Pro Se
134 David Drive
Poughkeepsie, NY 12601

JOHN DERMGRDICHIAN
Plaintiff, Pro Se
134 David Drive
Poughkeepsie, NY 12601

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

**<u>REPORT-RECOMMENDATION AND ORDER</u>**

## I.    INTRODUCTION

On March 11, 2022, *pro se* plaintiffs Peter E. Tasciotti ("Tasciotti") and John

Dermgrdichian ("Dermgrdichian") (collectively "Plaintiffs") filed this action alleging that

Defendants violated their rights under the Americans with Disabilities Act.  (Dkt. No. 1.)  Along

with their complaint, Plaintiffs filed separate applications to proceed *in forma pauperis* ("IFP

Applications"). (Dkt. Nos. 2, 3.) By Order and Report-Recommendation ("R&R") filed March 30, 2022, this Court granted Plaintiffs' IFP Applications, reviewed the original complaint pursuant to 28 U.S.C. § 1915(e), and recommended that it be dismissed without prejudice and with leave to amend their pleading in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure. (Dkt. No. 6.) Plaintiffs filed objections and a "timeline of harm and injury." (Dkt. Nos. 8, 9.) By Order entered April 22, 2022, U.S. District Judge David N. Hurd accepted and adopted the R&R and Plaintiff's complaint was dismissed with leave to amend. (Dkt. No. 10.) Plaintiffs were afforded thirty days in which to amend their pleading in accordance with the instructions set forth in the R&R and Order. *Id*.

Plaintiffs have now filed an amended complaint, which has been referred to this Court for review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e). (Dkt. No. 19.[1]) Plaintiffs name the following as Defendants: Edmund V. Haffmans, Junk Dealer "Sir Edmund the Strange"; Gloria S. Yun, a/k/a Gloria Sun Jung Yun, Private Attorney, Sovereign Citizen Activist; Ron Knowles, Realtor; Central Hudson Gas & Electric Corp., Private Utility Corporation; Fortis Inc., Private Utility Corporation; John Doe; and Jane Doe. *Id*. at 2, 8. Plaintiffs have checked "federal question" jurisdiction and as relief, seek $90,000,000.00 in compensatory damages and unspecified punitive damages from Defendants, and request injunctive and declaratory relief among other things. *Id*. at 4.

---

[1] Although Michelle Anne Bishop ("Bishop"), individually and on behalf of minor children Z.K. and A.K., Samein Capps-Tasciotti ("Capps-Tasciotti") and Milkyy Media Kyyboa are listed as plaintiffs, Bishop and Capps-Tasciotti have not paid the statutory filing fee nor applied to proceed *in forma pauperis* on their own behalf. (*See* Docket Report.) Further, a *pro se* individual who is not an attorney cannot represent other persons including the individual's children or a business/entity. (*See* Dkt. No. 23.) Accordingly, the Court reviews the amended complaint filed by Tasciotti and Dermgrdichian only.

Additionally, on May 25, 2022, Plaintiffs filed a document entitled "Motion for leave to add a Statement of Claim in Complaint proclaiming constitutional subject matter jurisdiction". (Dkt. No. 24.)

For the reasons set forth below, the Court recommends dismissing the amended complaint its entirety without further leave to amend.  It is further recommended the motion for leave to add a statement of claim be denied as moot.

## II.     SUFFICIENCY OF THE AMENDED COMPLAINT

### A.     Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a complaint filed *in forma pauperis* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *See Allen v. Stringer*, No. 20-3953, 2021 WL 4472667, at *1 (2d Cir. Sept. 30, 2021).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation."  *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994)

(citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

A *pro se* litigant's pleadings are held to a less strict standard than attorney drafted pleadings.  *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties."). Because Plaintiffs are proceeding *pro se*, the Court construes their pleadings "to raise the strongest arguments that they suggest."  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).  However, this "does not exempt [Plaintiffs] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## B.    Analysis

Having carefully reviewed Plaintiffs' amended complaint, the Court recommends that it be dismissed in its entirety.  (Dkt. No. 19.)  Plaintiffs have failed to amend their pleading in accordance with the instructions set forth in the R&R and Order.  (*See* Dkt. Nos. 6, 10.)  To that end, the amended complaint is forty-seven (47) pages in length, is not ordered by consecutive paragraph numbers, fails to provide sufficient information for Defendants to have notice of the claims against them, is a piecemeal pleading in that it relies upon and/or incorporates by reference the original complaint and "timeline of events" document  previously filed with the Court and, therefore, fails to meet the pleading standards of Rules 8 and 10 of the Federal Rules of Civil Procedure.  (*See* Dkt. No. 19.)

Moreover, even liberally construed, the collection of statements and allegations fails to establish this Court's jurisdiction.  *See Smith ex. rel. Bey v. Kelly*, No. 12-CV-2319, 2012 WL

1898944, at *2 (E.D.N.Y. May 24, 2012) (court is obligated to analyze whether subject matter

jurisdiction exists as a part of § 1915(e) initial review and to dismiss the complaint when subject

matter jurisdiction is found lacking); *see, e.g.*, *Simmonds v. Longo*, No. 6:19-CV-1319

(DNH/ML), 2020 WL 1644206, at *4 (N.D.N.Y. Mar. 11, 2020) (recommending dismissal of

*pro se* complaint for lack of subject matter jurisdiction), *report-recommendation adopted*, 2020

WL 1643394 (N.D.N.Y. Apr. 2, 2020); *see also Eckert v. Schroeder, Joseph & Associates*, 364

F. Supp. 2d 326, 327 (W.D.N.Y. 2005) ("A court shall, *sua sponte*, dismiss a complaint for lack

of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.")

(citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d

Cir. 1988), *cert. denied*, 488 U.S. 967, 109 S. Ct. 495 (1988)).

      Here, Plaintiffs state the basis for jurisdiction is as follows:

> FOURTH AMENDMENT—SEIZURE OF ONE'S EFFECTS,
> FIFTH AMENDMENT, FOURTEENTH AMENDMENT – DUE
> PROCESS CLAUSE, FIRST AMENDMENT, FREEDOM OF
> SPEECH-RELIGION (REFER TO OUR KYYBOA TRIBE),
> INALIENABLE RIGHTS, INCLUDING BUT NOT LIMITED
> TO: LIFE, LIBERTY, PURSUIT OF HAPPINESS.  BY ALL
> THE RIGHTS WE EXERCISE AND DO NOT WAIVE, WHICH
> WERE NOT ENUMERATED BY THE CONSTITUTION BUT
> CANNOT BE DENIED.

(Dkt. No. 19 at 3.)  Because Plaintiffs reference the First, Fourth, Fifth, and Fourteenth

Amendments, the Court has considered whether they have alleged facts in the amended

complaint stating a claim under 42 U.S.C. § 1983.

      "To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct

(1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a

right, privilege, or immunity secured by the Constitution or laws of the United States."  *Whalen*

*v. Cty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-

76 (2d Cir. 1994)).  Thus, § 1983 does not create any independent substantive right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere."  *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

The requirement that the defendant acted under "color of state law" is jurisdictional. *Bennett v. Bailey*, No. 5:20-CV-0903 (GTS/ATB), 2020 WL 5775940, at *2 (N.D.N.Y. Aug. 17, 2020), *report-recommendation adopted*, 2020 WL 5775231 (N.D.N.Y. Sept. 28, 2020).  Private conduct is simply beyond the reach of § 1983 "'no matter how discriminatory or wrongful' that conduct may be."  *Id*. (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). Therefore, a plaintiff must establish that the defendant was either a state actor or a private party acting under color of state law.  *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002); *see also United States v. Int'l Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'").  A private party engages in state action when they are found to be a "willful participant in joint activity with the State or its agents."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (citing *United States v. Price*, 383 U.S. 787, 794 (1966)).  "Conduct that is ostensibly private can be fairly attributed to the state only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *White v. Moylan*, 554 F. Supp. 2d 263, 267 (D. Conn. 2008) (citation omitted).

Here, even applying special solicitude and reading Plaintiffs' amended complaint liberally, the undersigned is unable to discern how Defendants violated their rights under § 1983.

Despite Plaintiffs' *pro se* status, they are still required to set forth with sufficient specificity a pleading that clearly demonstrates the alleged facts and alleged violations of their constitutional rights or other applicable federal laws.  The undersigned notes that Plaintiffs' amended complaint fails to establish that any Defendant was either a state actor or a private citizen acting under the color of state law.  (*See generally* Dkt. No. 19.)  There is no indication that Defendants, as the owner of real property where Plaintiffs resided, an attorney who resided with Plaintiffs as a "guest" until a falling out, a real estate agent, or a private utility corporation were a "willful participant" in joint activity with the State, or in any way established a "close nexus" with the State.  *Adickes*, 398 U.S. at 152; *White*, 554 F. Supp. 2d at 267.  Thus, because Defendants are private citizens and entities, and Plaintiffs' allegations do not involve conduct the Court construes to be joint activity with the State, Plaintiffs have failed to allege a claim pursuant to § 1983, which would raise a federal question.

Nor have Plaintiffs alleged any facts plausibly showing discrimination based on a disability in violation of the Americans with Disabilities Act.  (*See generally* Dkt. No. 19.)  The use of "buzz words" such as "discrimination of the disabled" does not demonstrate subject matter jurisdiction.  *See id*. at 10 ("2021-present: discrimination of the Disabled (2 plaintiffs), mockery, disrespect, emotional abuse, refusal to sell."); *see also Barr v. Abrams*, 810 F.2d 358, 362 (2d Cir. 1986) ("The Second Circuit has repeatedly held complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning").  Moreover, because Plaintiffs do not allege facts that the parties are diverse, there is no diversity jurisdiction over Plaintiffs' claims.  *See* 28 U.S.C. § 1332.

Plaintiffs have not alleged, and the Court has not been able to determine, any other basis for federal question jurisdiction.[2]  As set forth above, when a court lacks subject matter jurisdiction, dismissal is mandatory.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir.1999).  However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend.  *See Planck v. Schenectady Cty.*, No. 1:12-CV-0336 (GTS/DRH), 2012 WL 1977972, at *6 (N.D.N.Y. June 1, 2012) (collecting cases).  Moreover, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  This rule applies even to *pro se* plaintiffs.  *See id*. at 103.  "[L]ack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading."  *Moran v. Proskauer Rose LLP*, No. 1:17-CV-00423 (MAD/TWD), 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017); *see also Guillory v. Bishop Nursing Home*, 21-CV-0410 (MAD/ATB), 2021 WL 2431259, at *3 (N.D.N.Y. June 15, 2021) (dismissing the complaint "without prejudice" and "without leave to amend" because the Court "lack[ed] . . . subject matter jurisdiction").

---

[2]  While the Court is not unsympathetic to Plaintiffs' alleged predicament, even when liberally construed, it appears the amended complaint sounds in state common law claims such as breach of contract, wrongful eviction, and torts.  (*See, e.g.*, Dkt. No. 19 at 9 ("This involves a property dispute, as well as contract/agreement, employment.").)  "Federal courts, unlike state courts, have no jurisdiction over landlord-tenant matters."  *Burke v. Vonnard*, No. 5:15-CV-1133 (MAD/TWD), 2015 WL 13744417, at *5 (N.D.N.Y. Sept. 28, 2015) (citations omitted), *report-recommendation adopted*, 2016 WL 3176653 (N.D.N.Y. June 7, 2016); *see also Rosen v. Shore Towers Apartments, Inc.*, No. 11-CV-0752, 2011 WL 2550733, at *5 (E.D.N.Y. June 27, 2011) (noting that courts in this Circuit "routinely dismiss for lack of subject matter jurisdiction" claims concerning eviction) (collecting cases).

In sum, because the Court lacks subject matter jurisdiction over Plaintiffs' claims, it is recommended that the amended complaint be dismissed without prejudice and without further leave to amend.[3]

### C.    Motion for Leave to Add to Statement of Claim in Complaint Proclaiming Constitutional Subject Matter Jurisdiction

The Court has also reviewed Plaintiffs' motion and it is recommended that it be denied as moot in light of the foregoing recommendation.  (Dkt. No. 24.)  In any event, to the extent Plaintiffs are attempting to amend their amended complaint, the Court would also recommend not accepting Plaintiffs' piecemeal attempt to do so.  Plaintiffs were cautioned that the amended complaint "must be a wholly integrated and complete pleading".  (Dkt. No. 6 at 6 n.3; *see also* Dkt. No. 10 at 2-3.)  This requirement eliminates the confusing nature of "piecemeal" amended complaints, *see* L.R. 15.1(a), and even were the Court to consider the motion, the document fails to cure the defects identified above, namely this Court lacks subject matter jurisdiction over this dispute.  (*See e.g.*, Dkt. No 24 at 3 (explaining this "dispute" stems from an "alleged breach of contract in and around July 2019 to May 2022 [which is when Plaintiffs began purchase-of-real property/home in July and were never given guarantee to title/ownership by purported owner, because it was 'clouded, thus were defrauded and deprived]").)

Accordingly, the Court recommends that Plaintiffs' motion (Dkt. No. 24) be denied as moot.

**WHEREFORE**, based on the foregoing, it is hereby

---

[3] In light of the foregoing recommendation, Plaintiffs are not prevented from filing a complaint in an appropriate state court, should they wish to do so.  However, the undersigned makes no finding as to whether Plaintiffs can successfully or properly bring a complaint in state court.

**RECOMMENDED** that Plaintiffs' amended complaint (Dkt. No. 19) be **DISMISSED WITHOUT PREJUDICE AND WITHOUT FURTHER LEAVE TO AMEND**, and it is further

**RECOMMENDED** that Plaintiffs' motion (Dkt. No. 24) be **DENIED AS MOOT**, and it is further

**ORDERED** that the Clerk shall file a copy of this Order and Report-Recommendation on Plaintiffs, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).


Dated:  June 1, 2022
         Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

Allen v. Stringer, Not Reported in Fed. Rptr. (2021)

2021 WL 4472667

2021 WL 4472667
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Doran ALLEN, Plaintiff-Appellant,

v.

Scott M. STRINGER, New York City Comptroller,
Warden AMKC-C-95, Defendants-Appellees.

20-3953
|
September 30, 2021

Appeal from a judgment of the United States District Court
for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY
ORDERED, ADJUDGED, AND DECREED** that the
judgment of the district court is **AFFIRMED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Doran Allen, pro se,
Ossining NY.

FOR DEFENDANTS-APPELLEES: No appearance.

PRESENT: RICHARD C. WESLEY, RICHARD J.
SULLIVAN, Circuit Judges, JOHN G. KOELTL, District
Judge. [*]

[*]    Judge John G. Koeltl of the United States District
Court for the Southern District of New York, sitting
by designation.

**SUMMARY ORDER**

Appellant Doran Allen, proceeding pro se, sued Scott M.
Stringer, in his capacity as New York City Comptroller, and
the unnamed warden of the Rikers Island Anna M. Kross
Center ("AMKC") under 42 U.S.C. § 1983 for violations of
the Due Process Clause of the Fourteenth Amendment. Allen
alleges that, while he was detained at AMKC, a corrections
officer refused to help him carry breakfast trays, causing him
to slip and fall on broken stairs, injuring himself. The district
court dismissed the complaint sua sponte for failure to state a
claim. We assume the parties' familiarity with the underlying

facts, the procedural history of the case, and the issues on
appeal.

We review de novo a district court's sua sponte dismissal of
a complaint under 28 U.S.C. § 1915(e)(2). *Zaleski v. Burns*,
606 F.3d 51, 52 (2d Cir. 2010). Under that statute, the district
court must dismiss a complaint filed in forma pauperis if
it determines that the action "(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted;
or (iii) seeks monetary relief against a defendant who is
immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To
avoid dismissal, a complaint must plead "enough facts to
state a claim to relief that is plausible on its face." *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft
v. Iqbal*, 556 U.S. 662, 678 (2009) (recognizing that "legal
conclusions" and "[t]hreadbare recitals of the elements of a
cause of action, supported by mere conclusory statements, do
not suffice" to plead a viable claim). Pro se submissions are
reviewed with "special solicitude," and "must be construed
liberally and interpreted to raise the strongest arguments that
they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d
471, 474–75 (2d Cir. 2006) (internal quotation marks and
emphasis omitted).

Conditions-of-confinement claims brought by pretrial
detainees are analyzed under the Fourteenth Amendment's
Due Process clause. *Darnell v. Pineiro*, 849 F.3d 17, 29
(2d Cir. 2017). To state such a claim, a plaintiff must
satisfy both an objective prong and a subjective prong.
*See id.* The objective prong requires "showing that the
challenged conditions were sufficiently serious to constitute
objective deprivations of the right to due process," while
the subjective prong requires "showing that [an] officer
acted with at least deliberate indifference to the challenged
conditions." *Id.* (internal quotation marks omitted). If a
conditions-of-confinement claim is predicated on an unsafe
condition, a court will analyze "whether society considers
the risk that the prisoner complains of to be so grave that it
violates contemporary standards of decency to expose *anyone*
unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25,
36 (1993).

Allen alleges that he slipped or tripped on broken stairs,
causing him to fall. But while the existence of broken stairs
could be deemed to constitute negligence on the part of
the prison, broken stairs alone cannot satisfy the objective
prong of a conditions-of-confinement claim. *See McCray v.
Lee*, 963 F.3d 110, 120 (2d Cir. 2020) (explaining that the
defendant's complaint alleging unconstitutional conditions of

Allen v. Stringer, Not Reported in Fed. Rptr. (2021)

2021 WL 4472667

confinement after a slip and fall in an icy prison yard did not show "exceptional circumstances" that would "elevate" the conditions "beyond the typical level of danger presented by a slippery sidewalk or a wet floor"). Because broken stairs cannot be considered a risk that is "so grave that it violates contemporary standards of decency," Allen's conditions-of-confinement claim was properly dismissed. *Helling*, 509 U.S. at 36.

**\*2** But even if it could be argued that Allen alleged an objectively serious condition, the district court properly dismissed Allen's claims against Stringer and the AMKC warden due to the obvious deficiencies in Allen's complaint. As the district court concluded, the suit against the warden in his official capacity was more properly a suit against the City of New York because Allen did not allege that the warden personally had done or failed to do anything that violated his rights. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity... should be treated as suits against the State."). Similarly, Stringer, as the New York City Comptroller, is sued in his official capacity. Allen was therefore obligated to allege sufficient facts showing that the Fourteenth Amendment violation occurred "pursuant to a municipal policy or custom," *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (citing, inter alia, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978)), or was caused by a "failure to train," *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell*, 436 U.S. at 694). Allen did not allege any facts showing that the corrections officer acted pursuant to an unconstitutional policy or custom, or that the City of New York failed to train its corrections officers, as required for such a claim.

The district court also did not abuse its discretion by declining to exercise supplemental jurisdiction over any state-law claims because the district court properly dismissed Allen's § 1983 claim, the only claim over which it had original jurisdiction. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks omitted)).

Finally, the district court did not err by denying Allen leave to amend his complaint. A district court should not dismiss a pro se plaintiff's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). As discussed above, the incident involving the corrections officer and the broken steps did not amount to a due process violation, and that deficiency in the complaint cannot not be cured. Accordingly, amendment would have been futile.

We have considered all of Allen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

### All Citations

Not Reported in Fed. Rptr., 2021 WL 4472667

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Smith ex rel. Bey v. Kelly, Not Reported in F.Supp.2d (2012)

2012 WL 1898944

2012 WL 1898944
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Matthew R. SMITH, ex rel. Kasiin Ali BEY, Plaintiff,
v.
Chris Ann KELLY, Defendant.

No. 12–CV–2319 (JS)(AKT).
|
May 24, 2012.

**Attorneys and Law Firms**

Matthew R. Smith, Ex Rel., Kasiin Ali Bey, Central Islip, NY, pro se.

No Appearance, for Defendant.

*ORDER*

SEYBERT, District Judge.

**\*1** Before the Court is the fee paid Complaint of *pro se* plaintiff Matthew R. Smith, ex rel. Kasiin Ali Bey ("Plaintiff") filed pursuant to 42 U.S.C. § 1983 against the defendant, Hon. Chris Ann Kelley, Acting County Court Judge, Suffolk County District Court, 10th Judicial District (the "Defendant"). [1] Notwithstanding Plaintiff's payment of the filing fee, for the reasons that follow, the Plaintiff's Complaint is *sua sponte* DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

[1]     The correct spelling of Judge Kelley's last name includes the letter "e" before the "y". Plaintiff is inconsistent in the spelling of this name, sometimes it is "Kelly" and elsewhere it is "Kelley." To avoid any confusion, the Court corrects the spelling of Judge Kelley's name in the caption and the Clerk of the Court is directed to so amend the caption.

*BACKGROUND*

Plaintiff, who is alleged to be of Moorish–American nationality, seeks to recover monetary damages allegedly incurred as a result of being ordered by Judge Kelley to submit to a mental health examination on May 11, 2012. As the Court can best discern, Plaintiff is defending himself in an on-going criminal prosecution in the Suffolk County District Court. According to the Complaint, during an appearance before Judge Kelley on May 4, 2012, Plaintiff was ordered to undergo a mental evaluation. Plaintiff describes that, under the authority of the "Zodiac Constitution," and in accordance with the "Peace and Friendship Treaty of 1836," the state court lacks jurisdiction over him given that he is a Moorish–American.

According to the Complaint, Plaintiff requested that Judge Kelley provide Plaintiff with a "citation of authority to presume jurisdiction over a Moorish American and to state the court's jurisdiction for the record." Compl. at ¶ 5. Plaintiff alleges that Judge Kelley failed to do so and therefore now Plaintiff "demand[s] [that] all proceedings cease until CHRIS ANN KELLEY properly established jurisdiction for the record." Compl. at ¶ 6. Plaintiff seeks to recover $100,000.00 for "libel" as well as $800 .00 for "filing, service and handling" and "daily interest for enduring encumbrance of the present libel" of $1,000.00 per day.

*DISCUSSION*

**I. *Standard of Review***

A district court is required to dismiss a complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (i-iii); *Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir.2007). Regardless of whether a plaintiff has paid the filing fee, a district court should dismiss a complaint, sua *sponte,* if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363–64 (2d Cir.2000). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

An action is "frivolous" when either: (1) " 'the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputably meritless legal theory.' " *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir.1998) (internal citations omitted). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally, *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081

WESTLAW   © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:22-cv-00238-DNH-TWD    Document 28    Filed 06/01/22    Page 14 of 53

Smith ex rel. Bey v. Kelly, Not Reported in F.Supp.2d (2012)

2012 WL 1898944

(2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Chavis v. Chappius,* 618 F.3d 162 (2d Cir.2010), and to construe them " 'to raise the strongest arguments that [they] suggest [ ].' " *Chavis,* 618 F.3d at 170 (quoting *Harris v. City of New York,* 607 F.3d 18, 24 (2d Cir.2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 124 (2d Cir.2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009)); *see, also Jackson v. Birmingham Board of Education,* 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

**\*2** Further, "subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). There is an independent obligation for a federal court to "determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006) (citation omitted). When a federal court concludes that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. Fed.R.Civ.P. 12(h)(3).

## II. *Application*

Having carefully reviewed Plaintiff's Complaint, the Court finds that it fails to state a plausible claim. As a threshold matter, Plaintiff has not properly invoked this Court's subject matter jurisdiction. Plaintiff has not alleged a federal question nor has he satisfied the diversity requirement because Plaintiff, an alleged New York resident, seeks to sue a New York Defendant, namely Judge Kelley, Acting County Court Judge, Suffolk County District Court, 10th Judicial District.

Even if the Court's subject matter jurisdiction were established, which it is not, the Complaint must be dismissed because it is frivolous. Liberally read, *see Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed. 163 (1980), the gravamen of Plaintiff's Complaint is that he is not subject to the jurisdiction of the New York state court and therefore does not have to comply with the order entered by Judge Kelley. The law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the

jurisdiction in which they reside. *See, e.g., Bey v. Jamaica Realty,* No. 12–CV–1241(ENV), 2012 WL 1634161, \*1 n. 1 (E.D.N.Y. May 9, 2012) (citing *Bey v. Am. Tax Funding,* No. 11–CV–6458, 2012 WL 1495368, at \*6 (W.D.N.Y. Apr. 27, 2012); *Gordon v. Deutsche Bank,* No. 11–CV–5090, 2011 WL 5325399, at \*1 n. 1 (E.D.N.Y. Nov. 3, 2011)); *see, also Bey v. City of Rochester,* 2012 WL 1565636, at \*8 (W.D.N.Y. Apr. 30, 2012) (citing *El–Bey v. North Carolina,* No. 5:11–CV–0423FL, 2012 WL 368374, at \*2 (E.D.N.C. Jan. 9, 2012) (unpublished) ("[A]ny claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous."), recommendation adopted, 2012 WL 368369 (E.D.N.C. Feb. 3, 2012) (unpublished); *Bey v. American Tax Funding,* No. 11–CV–6458(CJS), 2012 WL 1498368, at \*6 (W.D.N.Y. Apr. 27, 2012) ("[Plaintiffs'] purported status as a Moorish–American citizen does not enable him to violate state and federal laws without consequence."); *Gordon v. Deutsche Bank Nat. Trust Co.,* No. 11–CV–5090 (WFK), 2011 WL 5325399, \*1, n. 1 (E.D.N.Y. Nov. 3, 2011) ("Plaintiff's suggestion that as a member of the 'Moorish–American' nation he is immune from the laws of the United States is misguided") (citing *Bey v. Bailey,* No. 09–CV–8416, 2010 WL 1531172, at \*4 (S.D.N.Y.Apr.15, 2010) ("petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the 'Moorish–American' nation is without merit ....") (add'l citation omitted).

**\*3** Because the Court is required to dismiss a civil action "at any time of the court determines that ... the action ... is frivolous," Plaintiff's Complaint is dismissed. The instant Complaint is clearly frivolous given Plaintiff's claim that he is not subject to the jurisdiction of the New York state court because he is a Moorish American. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (a claim is "frivolous" if it lacks an arguable basis in either law or fact). Clearly, the allegations in the instant Complaint are based upon an indisputably meritless legal theory and are thus dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)B)(i).

Even if the Plaintiff's claims were not frivolous, Plaintiff cannot recover damages from the Defendant, a sitting New York State Court Judge, Suffolk County District Court, since as a judge, she is entitled to absolute judicial immunity as well Eleventh Amendment Immunity. *Mahapatra v. Comstock,* 141 F.3d 1152 (2d Cir.1998) ("[T]he district court properly dismissed the claims for damages based on absolute

Smith ex rel. Bey v. Kelly, Not Reported in F.Supp.2d (2012)

2012 WL 1898944

immunity [because] [j]udges are shielded from liability for civil damages for judicial acts performed in their judicial capacities.") (citing *Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)); *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 53–55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Given that the Complaint is based on an indisputably meritless legal theory, the Court declines to afford Plaintiff leave to amend his Complaint, as any amendment would be futile. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

*CONCLUSION*

For the reasons set forth above, the Complaint is *sua sponte* dismissed with prejudice. The Clerk of the Court is directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 1898944

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 1644206
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Swazette SIMMONDS, Plaintiff,

v.

Roberto LONGO, doing business as Longo
Auto Sales & Service LLC, Defendant.

6:19-CV-1319 (DNH/ML)
|
Signed 03/11/2020

**Attorneys and Law Firms**

SWAZETTE SIMMONDS, Plaintiff, Pro Se, 149 Campbell
Avenue, Yorkville, New York 13495.

**ORDER and REPORT-RECOMMENDATION**

MIROSLAV LOVRIC, United States Magistrate Judge

**I. INTRODUCTION**

 **\*1**  Swazette Simmonds ("Plaintiff") commenced this *pro se*
action on October 28, 2019, asserting claims against Roberto
Longo, doing business as Longo Auto Sales & Service LLC
("Defendant"). (Dkt. No. 1.) Plaintiff did not pay the filing fee
for this action and seeks leave to proceed *in forma pauperis*
("IFP"). (Dkt. No. 2.)

**II. ALLEGATIONS OF THE COMPLAINT**

Construed as liberally [1] as possible, Plaintiff's Complaint
alleges that Defendant received an insurance check to
complete repairs on Plaintiff's vehicle. (*See generally* Dkt.
No. 1.) Plaintiff alleges that Defendant forged her signature
on the check and never made the repairs to her vehicle. (*Id.*)

[1]      The court must interpret *pro se* complaints to
        raise the strongest arguments they suggest. *Soto v.
        Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting
        *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.
        1994)).

Although the Complaint indicates that the action arises under
42 U.S.C. § 1983, it is not clear what civil rights she asserts
Defendant violated. (*Id.*) The Complaint alleges that Plaintiff
has also filed an action in small claims court and that she seeks

to recoup the "total amounts of the insurance check along with
the money [that she] paid out of pocket for repairs" which
approximate $9,000.00 in total. (*Id.*)

**III. PLAINTIFF'S APPLICATION TO PROCEED *IN
FORMA PAUPERIS***

When a civil action is commenced in a federal district court,
the statutory filing fee, currently set at $400, must ordinarily
be paid. 28 U.S.C. § 1914(a). A court is authorized, however,
to grant IFP status if it determines that the plaintiff is unable
to pay the required fee. 28 U.S.C. § 1915(a)(1). [2]  Pursuant
to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed
IFP, the court must determine whether the plaintiff has
demonstrated sufficient economic need to proceed without
prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).

[2]      The language of that section is ambiguous because
        it suggests an intent to limit availability of IFP
        status to prison inmates. *See* 28 U.S.C. § 1915(a)
        (1) (authorizing the commencement of an action
        without prepayment of fees "by a person who
        submits an affidavit that includes a statement of all
        assets such prisoner possesses"). The courts have
        construed that section, however, as making IFP
        status available to any litigant who can meet the
        governing financial criteria. *Hayes v. United States*,
        71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also
        Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536
        n.1 (S.D.N.Y. 2002).

The decision of whether to grant an application to proceed
IFP rests within the sound discretion of the court. *Anderson
v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983). The court must
be satisfied "that the person is unable to pay such fees or
give security therefor" prior to granting IFP status. 28 U.S.C.
§ 1915(a)(1). To make this threshold showing, a plaintiff
must demonstrate "that paying such fees would constitute a
serious hardship on the plaintiff, not that such payment would
render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed.
Cl. 59, 62 (Fed. Cl. 2007) (citing *Adkins v. E.I. DuPont de
Nemours & Co.*, 335 U.S. 331, 339 [1948]); *see also Potnick
v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section
1915[a] does not require a litigant to demonstrate absolute
destitution[.]"); *accord, Lee v. McDonald's Corp.*, 231 F.3d
456, 459 (8th Cir. 2000). As the Second Circuit has noted,
"no party must be made to choose between abandoning a
potential meritorious claim or foregoing the necessities of
life." *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

**\*2**  In support of an IFP application, 28 U.S.C. § 1915 requires that a plaintiff submit an affidavit reflecting her assets. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff's IFP application states that she earns $771.00 per month. (Dkt. No. 2 at ¶ 2.) However, Plaintiff's IFP application also indicates that she received no income from "[b]usiness, profession, or other self-employment." (*Id.* at ¶ 3.) Plaintiff indicated that in the past twelve months she has received income from "[d]isability, or workers compensation" and "[r]ent payments, interest, or dividends," but Plaintiff failed to identify the source of her income, state the amount that she received, and whether she expects to receive that income in the future, as required in question 3 of the IFP application. (*Id.*) As a result, it is unclear to the Court whether the $771.00 per month in income that Plaintiff indicated that she earns is from "[d]isability, or workers compensation" and "[r]ent payments, interest, or dividends," or some other source in addition to the income she earns from those sources. (*Id.*)

In addition, Plaintiff's IFP application was incomplete in the following four respects: (1) Plaintiff failed to provide any answer to question number 5, (2) Plaintiff failed to include the amount for each of the regularly monthly expenses that she identified in question 6, (3) Plaintiff failed to identify the amount that she contributes to support the individuals that she identified in question 7, and (4) Plaintiff failed to identify to whom her debts are owed with respect to question 8. (Dkt. No. 2 at 2.)

In this instance, due to Plaintiff's incomplete IFP application, I am unable to conclude that she possesses insufficient funds to pay the $400.00 filing fee to commence an action without "foregoing the necessities of life." *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. 339). Accordingly, I deny Plaintiff's motion to proceed in this case IFP. To the extent that Plaintiff may wish to renew her request to proceed IFP, and given the Court's unanswered questions about her financial situation, any request to proceed without the prepayment of fees must include a fully completed long form *in forma pauperis* application (AO 239).

## IV. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Initial Review of a Complaint

Ordinarily, the finding that Plaintiff does not qualify for IFP status would end the Court's discussion, and Plaintiff,

in light of her *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as is discussed more completely below, I find that Plaintiff's Complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915 requires that the court dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]" 28 U.S.C. § 1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

**\*3**  The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at \*2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal

Rules of Civil Procedure. More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief ... requires the ... court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown– that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint ... the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B. Legal Standard Governing Subject Matter Jurisdiction

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agric., Inc. v. Perry*, 12-CV-6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* 09-CV-7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013)). Federal courts are mandated to examine their own jurisdiction *sua sponte* at every stage of the litigation. *ACCD Global Agric., Inc.*, 2013 WL 840706, at *1; *see In re Tronox, Inc.*, 855 F.3d 84, 85 (2d Cir. 2017) (federal courts have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*).

A federal court exercises limited jurisdiction pursuant to Article III of the Constitution. It has subject matter jurisdiction over claims in which: (1) there is a 'federal question' in that a colorable claim arises under the 'Constitution, laws or treaties of the United States,' 28 U.S.C. § 1331; and/or if (2) there is complete "diversity of citizenship" between each plaintiff and all defendants and a minimum of $75,000 in controversy, 28 U.S.C. § 1332.

**\*4** *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 511-12 (D. Conn. 2015) (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction) (footnote omitted)), *reconsideration denied*, 14-CV-0053, 2015 WL 2124365 (D. Conn. May 6, 2015).

The existence of a federal question is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. 28 U.S.C. § 1331. A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the case of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).

### C. Legal Standard Governing Claims Pursuant to 42 U.S.C. § 1983

"To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Thus, § 1983 does not create any independent substantive right, but rather "provides a civil claim for damages" to "redress ... the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

### V. ANALYSIS

After carefully reviewing the Complaint, I find that the Complaint fails to allege facts plausibly suggesting that the Court has subject matter jurisdiction.

The Complaint alleges that Plaintiff and Defendant are citizens of New York State. (Dkt. No. 1 at ¶¶ 2-3.) In addition, the amount in controversy is far less than $75,000. (*Id.* at ¶ 6.) As a result, the Complaint does not allege diversity jurisdiction pursuant to 28 U.S.C. § 1332.

With respect to whether the Complaint asserts claims that raise a federal question, Plaintiff's Complaint does not identify any statute pursuant to which she is bringing her claims, except 42 U.S.C. § 1983. (*See generally* Dkt. No. 1.)

To the extent that Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983, those claims fail for two reasons. First, Plaintiff does not allege any facts that suggest Defendant was acting under color of state law. Instead, the Complaint asserts allegations against Defendant acting in a private capacity as an individual who services automobiles. (*Id.*) Second, the Complaint fails to set forth any federal right that was violated. (*Id.*) As set forth above in Part IV.C. of this Order and Report-Recommendation, 42 U.S.C. § 1983 does not create an independent substantive right, but provides for damages to redress the violation of federal rights established elsewhere. As a result, Plaintiff has failed to allege a claim pursuant to 42 U.S.C. § 1983, which would raise a federal question.

To the extent that Plaintiff alleges "insurance fraud" pursuant to common law fraud, that is a New York State law claim and thus, there is still no jurisdiction to adjudicate Plaintiff's claims. *See Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (describing the elements of fraud under New York Law).

**\*5** Moreover, to the extent that Plaintiff alleges claims of "insurance fraud" seeking to enforce Article 176 of the New York State Penal Law Statute, those claims should also be dismissed for lack of jurisdiction. *See George v. Progressive Ins. Agency, Inc.*, 18-CV-1138, 2018 WL 4660379, at *2 (N.D.N.Y. Sept. 28, 2018) (Baxter, M.J.), *adopted by* 2019 WL 5307075 (Hurd, J.) (dismissing complaint that asserted a claim pursuant to N.Y. Penal Law § 176.30 because it did not state a claim based on the Constitution, laws, or treaties of the United States.) [3]

[3]  The Court also notes that there is "no private right of action to enforce either state or federal criminal statutes." *George*, 2018 WL 4660379, at *3 (citing *Carvel v. Ross*, 09-CV-0722, 2011 WL 856283, at *11-12) (S.D.N.Y. Feb. 6, 2011).

As a result, I recommend dismissal of Plaintiff's Complaint. [4]

[4]  The Court also notes that, based on the Complaint's assertion that Plaintiff brought a small claims action in state court, the Court here likely lacks jurisdiction based on the *Rooker-Feldman* doctrine, which recognizes that, except for the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state-court judgments. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir.

2007). However, the Complaint does not provide sufficient factual details surrounding Plaintiff's small claims proceeding to conduct a thorough analysis pursuant to the *Rooker-Feldman* doctrine.

## VI. WHETHER TO PERMIT AMENDMENT

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.). [5]

[5]  *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 [2d Cir. 1999], that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim" is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 [2007]), *rev'd on other grounds*, 682 F. App'x 30.

In this case, because the Court lacks subject matter jurisdiction, the Court must recommend dismissing the action without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018); *see also Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 206-07 (2d Cir. 2019) (holding that where a court dismisses a complaint for lack of subject matter jurisdiction, the court does "not have the power to reach the merits and dismiss the claims against the defendants for failure to state a claim, or to eventually dismiss the complaint

with prejudice for failure to file a proposed amended complaint."). This Court has serious doubts about whether Plaintiff can amend to assert any form of federal jurisdiction over the situation that Plaintiff described in her Complaint. However, because the Court must recommend dismissal without prejudice, Plaintiff may be given an opportunity to amend her Complaint. Any amended complaint should be a complete pleading, must supersede the original, and must not incorporate any facts from the original complaint. In addition, any amended complaint must assert a proper basis for jurisdiction in federal court.

**\*6** The Court must also note that if Plaintiff chooses to file an amended complaint, she should properly complete a new motion to proceed IFP, in which she must include a completed IFP application.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **DENIED without prejudice and with leave to renew**; and it is further

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** [6] Plaintiff's Complaint (Dkt. No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

[6] If the Court (a) rejects this recommendation and accepts Plaintiff's Complaint for filing, or (b) adopts this recommendation and Plaintiff wishes to proceed with this action and files an amended complaint, she must either (i) pay the $400.00 filing fee, or (ii) submit a renewed IFP application detailing her current financial condition within thirty (30) days from the date of the filing of Court's Decision and Order. Failure to comply with this directive will result in the issuance of a report and

recommendation to the assigned district judge that the action be dismissed.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. [7] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]).

[7] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules. [8]

[8] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**All Citations**

Slip Copy, 2020 WL 1644206

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 1643394
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Swazette SIMMONDS, Plaintiff,

v.

Roberto LONGO, doing business as Longo
Auto Sales & Service LLC, Defendant.

6:19-CV-1319 (DNH/ML)
|
Signed 04/02/2020

**Attorneys and Law Firms**

SWAZETTE SIMMONDS, Plaintiff pro se, 149 Campbell
Avenue, Yorkville, NY 13495.

## DECISION and ORDER

DAVID N. HURD, United States District Judge

 **\*1** Pro se plaintiff Swazette Simmonds brought this civil
action against defendant Roberto Longo, doing business as
Longo Auto Sales & Service LLC. On March 11, 2020,
the Honorable Miroslav Lovric, United States Magistrate
Judge, advised by Report-Recommendation that plaintiff's
Complaint be dismissed with leave to replead. No objections
to the Report-Recommendation have been filed.

Based upon a careful review of the entire file and the
recommendations of the Magistrate Judge, the Report-
Recommendation is accepted in whole. *See* 28 U.S.C. §
636(b)(1).

Therefore, it is

ORDERED that

1. Plaintiff's Complaint is DISMISSED with leave to replead;

2. Plaintiff is provided an opportunity to amend her Complaint
within thirty (30) days of the date of this Decision and
Order to correct the deficiencies identified in the Report-
Recommendation;

3. If plaintiff timely files an Amended Complaint within thirty
(30) days of the date of this Decision and Order, the file be
forwarded to United States Magistrate Miroslav Lovric for
further review [1] ; and

[1]
> If plaintiff wishes to proceed with this action
> and files an Amended Complaint, she must either
> (I) pay the $400.00 filing fee, or (ii) submit
> a renewed IFP application detailing her current
> financial condition within thirty (30) days from
> the date of the filing of this Decision and Order.
> Failure to comply with this directive will result in
> the issuance of a Report and Recommendation to
> the undersigned that the action be dismissed.

4. If plaintiff fails to file an Amended Complaint within thirty
(30) days of the date of this Decision and Order, the Complaint
be dismissed in its entirety without further order.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 1643394

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 5775940
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Andrew S. BENNETT and
Kristina M. McDonald, Plaintiffs,

v.

Don BAILEY and Route 11 Motorsports, Defendants.

5:20-CV-903 (GTS/ATB)
|
Signed 08/17/2020

**Attorneys and Law Firms**

ANDREW S. BENNETT and KRISTINA M. McDONALD,
Plaintiffs Pro Se.

**ORDER and REPORT-RECOMMENDATION**

ANDREW T. BAXTER, United States Magistrate Judge

**\*1** The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiffs Andrew S. Bennett and Kristina M. McDonald. (Dkt. No. 1). Plaintiffs have also applied to proceed in forma pauperis ("IFP"). [1] (Dkt. No. 2).

[1]   Both plaintiffs have signed the complaint and the IFP application and are each representing themselves. Because this court is recommending dismissal for lack of jurisdiction, the court will not require plaintiffs to file separate IFP applications.

**I. IFP Application**
Plaintiffs declare in their IFP application that they are unable to pay the filing fee. (Dkt. No. 2). After reviewing his application, this court finds that plaintiffs are financially eligible for IFP status.

However, in addition to determining whether plaintiffs meet the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

**II. Complaint**
Plaintiffs allege that on March 17, 2020, they purchased a car from the defendant Don Bailey and his company Route 11 Motorsports. (Complaint ("Compl.") ¶ 4 at p.2 (Facts)). Plaintiffs claim that defendant Bailey gave them a "90 Day Warranty" which he is not honoring. (*Id.*) Two days after they purchased the vehicle, the motor began "knocking," and plaintiffs contacted Don Bailey, who has failed to rectify the situation. (*See* Compl. *generally* ¶ 4 at pp.3-6). Plaintiffs seek a full refund of the purchase price of the vehicle and damages for pain and suffering for a total of $10,500. (Compl. ¶¶ 5-6).

**III. Subject Matter Jurisdiction**

**A. Legal Standards**
**\*2** Federal courts are courts of limited jurisdiction, have only the power that is authorized by Article III of the Constitution, and may only preside over cases that fall within the subject matters delineated by Congress. *Bender v.*

*Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) (citation omitted). The court must determine whether it has subject matter jurisdiction, and must dismiss a case at any stage of the proceedings if it determines that jurisdiction is lacking. *Cave. v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008).

In addition, federal courts have an "independent obligation" to consider the presence or absence of subject matter jurisdiction sua sponte. *Leopard Marine & Trading, Ltd. v. Easy Street, Ltd.*, 896 F.3d 174, 181 (2d Cir. 2018) (quoting *In re Quigley Co., Inc.*, 676 F.3d 45, 50 (2d Cir. 2012). Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust*, No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 434-35 (2011)).

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction is present when an action is between citizens of different states, and when the amount in controversy is in excess of $75,000.00. 28 U.S.C. § 1332(a)(1).

**B. Application**

**1. Section 1983**

**a. Legal Standards**

In order to bring a civil rights action under 42 U.S.C. § 1983, the plaintiff must establish that a defendant, who acts under color of state law, has caused the deprivation of a right protected by the federal constitution or laws. 42 U.S.C. § 1983. A person acts under color of state law when he or she acts in his or her official capacity, "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200,

2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 " 'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

**b. Application**

The defendants in this action are a private individual and what appears to be his car dealership. There is no indication that either of the defendants acts under color of state law. Therefore there is no jurisdiction under section 1983 for the plaintiffs' case. The court realizes that the plaintiffs are pro se and will attempt to determine whether there is any other jurisdictional basis for plaintiffs to bring an action in this court pursuant to federal question or diversity jurisdiction.[2]

[2]    A pro se plaintiff's pleadings are interpreted to raise the strongest arguments that they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

**2. Magnuson-Moss Warranty—Federal Trade Commission Act ("MMWA"), 15 U.S.C. § 2301**

**a. Legal Standards**

*3 The MMWA, is also known as the federal "lemon law." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 222 (2d Cir. 2017). The MMWA "is a remedial statute designed 'to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products.' " *Id.* (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. Abrams*, 899 F.2d 1315, 1317 (2d Cir. 1990)) (quoting 15 U.S.C. § 2302(a)). The MMWA allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with ... a written warranty [or] implied warranty ... [to] bring suit for damages and other legal and equitable relief.' " *Id.* (quoting

15 U.S.C. § 2310(d)(1)). However, the MMWA provides for federal jurisdiction under certain circumstances. *Id.* MMWA claims may be brought in federal court only if the amount in controversy meets or exceeds $50,000 (exclusive of interests and costs), computed on the basis of all claims in the action. *Id.* (citing § 2310(d)(3)(B)).

### b. Application

Plaintiffs in this action allege that the value of the car was $7,000.00 and their "pain and suffering" was worth another $3,500.00 for a total of $10,500.00 in damages. (Compl. ¶¶ 5-6). Thus, even if plaintiffs could make a claim under the MMWA for the failure of defendants to abide by their warranty, and even if they had cited the appropriate statute, plaintiffs cannot meet the jurisdictional amount for bringing an MMWA claim in federal court.

### 3. Contract Claims

### a. Legal Standards

Contract actions are generally state law claims, "governed by state law standards and analyzed using the familiar elements applied in a New York breach of contract action." *Liana Carrier Ltd. v. Pure Biofuels Corporation*, 672 F. App'x 85, 92 (2d Cir. 2016). Contractual obligations, are inherently creatures of state law. *Eugene Iovine, Inc. v. City of New York*, No. 98 Civ. 2767, 1999 WL 4899, at *2 (S.D.N.Y. Jan. 5, 1999) (citing *Gully v. First National Bank in Meridian*, 299 U.S. 109, 115 (1939)). "[A] complaint alleging a violation of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' " *Id.* (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 817 (1986)).

### b. Application

Plaintiffs in this case essentially argue that defendant Bailey did not honor his agreement to fix the plaintiffs' car and now does not return their calls or texts. (Compl. ¶ 4 at pp.5-6). As stated above, plaintiffs do not meet the jurisdictional minimum for an MMWA claim. To the extent that plaintiffs

are trying to state a contract claim or a simple warranty claim, there is no jurisdiction in federal court for this action, given the facts of plaintiffs' case. While federal courts decide state law claims, those claims are generally either supplemental to a federal claim [3] or brought under diversity jurisdiction. There are no viable federal claims in this action. Thus, supplemental jurisdiction does not apply. Plaintiffs and defendants are citizens of the same state, and the amount in controversy is less than the jurisdictional amount of $75,000.00. Thus, there is no diversity jurisdiction. Because there is no jurisdiction to decide plaintiffs' claims, I must recommend dismissal.

[3]    28 U.S.C. § 1367(a) provides that
       in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

## IV. Opportunity to Amend

### A. Legal Standards
**\*4** Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiffs' causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application
There is no subject matter jurisdiction for plaintiffs to bring this action in federal court. It does not appear that any amendment or additional pleading will cure the defects in jurisdiction. Because there is no subject matter jurisdiction, the court will recommend dismissing the action without prejudice to plaintiffs bringing their claims in the appropriate state court. However, such dismissal should be without the opportunity to amend since plaintiffs will not be able to cure the deficiency in their complaint with better pleading.

WHEREFORE, based on the findings above, it is

ORDERED, that plaintiffs' application to proceed IFP (Dkt. No. 2) is **GRANTED ONLY TO THE EXTENT NECESSARY TO FILE THIS ACTION**, and it is

RECOMMENDED, that the plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION, BUT WITHOUT THE OPPORTUNITY TO AMEND**, and it is.

ORDERED, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiffs by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

**All Citations**

Slip Copy, 2020 WL 5775940

---

**End of Document**                                   © 2022 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2022 Thomson Reuters. No claim to original U.S. Government Works.   4

2020 WL 5775231
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Andrew S. BENNETT; and
Kristina M. McDonald, Plaintiffs,

v.

Don BAILEY; and Route 11 Motorsports, Defendants.

5:20-CV-0903 (GTS/ATB)
|
Signed 09/28/2020

**Attorneys and Law Firms**

ANDREW S. BENNETT and KRISTINA M. McDONALD,
Plaintiffs, Pro Se, 1137 Roberts Hollow Road, Lowman, New
York 14861.

### DECISION and ORDER

GLENN T. SUDDABY, Chief United States District Judge

**\*1** Currently before the Court, in this *pro se habeas* breach-
of-contract action filed by Andrew S. Bennett and Kristina
M. McDonald ("Plaintiffs") against Don Bailey and Route 11
Motorsports ("Defendants") pursuant to 42 U.S.C. § 1983, is
United States Magistrate Judge Andrew T. Baxter's Report-
Recommendation recommending that Plaintiffs' Complaint
be dismissed without prejudice for lack of subject-matter
jurisdiction pursuant to 28 U.S.C. § 1915 and that such
dismissal should be without prior leave to amend. (Dkt.
No. 3.) Plaintiffs have not filed an objection to the Report-
Recommendation, and the time in which to do so has expired.
(*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein,
including Magistrate Judge Baxter's thorough Report-

Recommendation, the Court can find no clear-error in
the Report-Recommendation. [1] Magistrate Judge Baxter
employed the proper standards, accurately recited the facts,
and reasonably applied the law to those facts. As a result,
the Report-Recommendation is accepted and adopted in its
entirety for the reasons set forth therein, and Plaintiffs'
Complaint is dismissed without prejudice for lack of subject-
matter jurisdiction.

[1]     When no objection is made to a report-
        recommendation, the Court subjects that report-
        recommendation to only a clear-error review. Fed.
        R. Civ. P. 72(b), Advisory Committee Notes: 1983
        Addition. When performing such a "clear error"
        review, "the court need only satisfy itself that there
        is no clear error on the face of the record in order to
        accept the recommendation." *Id.*; *see also Batista
        v. Walker*, 94-CV-2826, 1995 WL 453299, at *1
        (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am
        permitted to adopt those sections of [a magistrate
        judge's] report to which no specific objection is
        made, so long as those sections are not facially
        erroneous.") (internal quotation marks omitted).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-
Recommendation (Dkt. No. 3) is **ACCEPTED** and
**ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiffs' Complaint (Dkt. No. 1) is
**DISMISSED without prejudice for lack of subject-matter
jurisdiction.**

**All Citations**

Slip Copy, 2020 WL 5775231

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 1977972
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Jason S. PLANCK, Plaintiff,

v.

SCHENECTADY COUNTY, et al., Defendants.

No. 1:12–CV–0336(GTS/DRH).
|
June 1, 2012.

**Attorneys and Law Firms**

Jason S. Planck, of Counsel, Schenectady, NY, pro se.

Goldberg Segalla LLP, Jonathan M. Bernstein, Esq., William J. Greagan, Esq., of Counsel, Albany, NY, for Defendants.

*MEMORANDUM–DECISION and ORDER*

GLENN T. SUDDABY, District Judge.

**\*1** Currently pending before the Court, in this *pro se* civil rights action filed by Jason S. Planck ("Plaintiff") against Schenectady County and fifteen of its legislators ("Defendants"), are the following four motions: (1) Plaintiff's motion for reconsideration of the Court's Decision and Order of February 29, 2012, denying his motion for a temporary restraining order (Dkt. No. 10); (2) Plaintiff's motion for a report from the Court regarding the status of his motion for reconsideration (Dkt. No. 30); (3) Plaintiff's motion for a preliminary injunction (Dkt. No. 4); and (4) Defendants' cross-motion to dismiss Plaintiffs' Complaint (Dkt. No. 17). For the reasons set forth below, Plaintiffs' three motions are denied; and Defendants' cross-motion is granted.

**I. RELEVANT BACKGROUND**

**A. Plaintiff's Claims**

Generally, when construed with the utmost of special liberality, Plaintiff's Complaint asserts three civil rights claims against Defendants-one claim asserting a violation of Rehabilitation Act of 1973, and two claims asserting violations of the Americans with Disabilities Act-arising from Schenectady County's ("the County") approval of a project labor agreement (to construct a new nursing home) that permits the hiring of only unionized construction workers, thus discriminating against qualified nonunionized construction workers with disabilities. (*See generally* Dkt. No. 1.) Because this Decision and Order is intended primarily for the review of the parties, and because Defendants (in their memorandum of law) accurately describe the claims and factual allegations asserted in Plaintiff's Complaint, the Court will not describe those claims and factual allegations in detail in this Decision and Order. Rather, the Court will refer the reader to pages 1 through 3 of Defendants' memorandum of law and paragraphs 2 through 4, and 7 through 44, of Plaintiff's Complaint. (Dkt. No. 17, Attach. 11, at 6–8 [attaching pages "1" through "3" of Defs.' Memo. of Law]; Dkt. No. 1, at ¶¶ 2–4, 7–44.)

**B. Briefing on the Parties' Motions**

Because the parties have demonstrated in their memoranda of law an adequate understanding of the legal arguments asserted in each other's motions, the Court need not, and does not, describe in detail those arguments in this Decision and Order. Rather, the Court will simply make two points.

First, generally, in their cross-motion to dismiss, Defendants assert the following three arguments: (1) Plaintiff's Complaint should be dismissed under Fed.R.Civ.P. 12(b)(1), because (a) the Court lacks subject-matter jurisdiction over Plaintiff's challenge to the County's project labor agreement (which must be presented by Plaintiff in an Article 78 proceeding in state court), and (b) Plaintiff, who is not a qualified construction worker but merely a taxpayer, lacks standing to challenge the County's approval of the project labor agreement; (2) in the alternative, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), because Plaintiff has failed to allege facts plausibly suggesting the elements of a claim under either Rehabilitation Act of 1973 or the Americans with Disabilities Act (particularly the element requiring that he be a *qualified* individual with a disability); and (3) in the alternative, Plaintiff's claims against the legislative Defendants should be dismissed for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), because, based on Plaintiff's own factual allegations, those claims are either duplicative of Plaintiff's claims against the County or barred as a matter of law by the doctrine of legislative immunity. (Dkt. No. 17, Attach. 11, at 8–22 [attaching pages "3" through "17" of Defs.' Memo. of Law].)

**\*2** Second, in this District, when a party files a dispositive motion (such as a motion for a preliminary injunction), [1] that party is not entitled to file a surreply. N.D.N.Y. L.R. 7.1(b)(1). Furthermore, when a party files a nondispositive motion (such as a motion for reconsideration), that party is not even entitled to file a reply, without prior leave of the Court. N.D.N.Y. L.R. 7.1(b)(2). Finally, when a party files a cross-motion (such as a cross-motion to dismiss), that party is not entitled to file a reply on its cross-motion without prior leave of the Court. N.D.N.Y. L.R. 7.1(c). Even if it were permitted to file a reply, that reply may address only the party's own cross-motion, and not the opponent's original motion; otherwise, the "reply" would, in part, constitute a surreply. [2] Here, the parties have violated each of these rules, in addition to violating several filing deadlines. (Dkt. Nos. 23, 25, 31, 32; *see also* Text Notices filed March 9, 2012, and Apr. 2, 2012.) [3] As a result, the submissions contained in Docket Numbers 23, 25, 31 and 32 will not be considered by the Court. The Court would add only that, even if it were to consider the submissions, that consideration would not change the outcome of this Decision and Order.

[1] See *Odom v. Senkowski,* 96–CV–0554, 1997 WL 458450, at \*1 (N . D.N.Y. Aug. 7, 1997) (Pooler, D.J.) ("Because Odom's request for a preliminary injunction is a dispositive motion, the magistrate judge's recommendations require de novo review.").

[2] See *Carlwood Dev. Inc. v. U.S.,* 10–CV–1773, 2011 WL 69374, at \*1 (D.Nev. Jan. 10, 2011) (denying petitioner's motion to strike government's improper "cross-motion"—which did not "address[ ] any matters even remotely indicative of a motion for summary judgment" but rather merely responded to the matters raised by the petitioners in their opening brief-because "rather than striking any portion of the ['cross-motion'] itself, the Court will merely construe [it] as only a response to the [petitioner's] opening brief, and not a cross-motion," and strike the government's unauthorized reply on its improper cross-motion as "nothing more than a disingenuous attempt to get the last word").

[3] The Court notes that, on February 28, 2012, Plaintiff receive a courtesy copy of the Local Rules

of Practice for this Court. (*See* Docket Entry dated Feb. 28, 2012; Dkt. No. 9.)

## II. ANALYSIS

### A. Motion for Reconsideration

Generally, there are only three grounds upon which a district court may justifiably reconsider its previous ruling: (1) an intervening change in controlling law, (2) new evidence, or (3) a demonstrated need to correct a clear error of law or to prevent manifest injustice. *U.S. v. Sanchez,* 35 F.3d 673, 677 (2d Cir.1994), *cert. denied,* 514, U.S. 1038 (1995).

Here, after carefully considering the matter, Plaintiff's motion for reconsideration is denied for each of the numerous reasons offered by Defendants in their memorandum of law: Plaintiff has not satisfied the above-described standard. (Dkt. No. 17, Attach. 11, at 15–18 [attaching pages "10" through "13" of Defs.' Memo. of Law].)

The Court would add two alternative grounds for the denial of Plaintiff's motion. First, Plaintiff's motion is unsupported by a memorandum of law that is separate and apart from an affidavit, in violation of Local Rule 7.1. The Court notes that an affidavit may not contain legal argument. N.D.N.Y. L.R. 7.1(a)(2). Second, Plaintiff's motion is moot in that it seeks an order restraining Defendants from acting between a discrete time period (i.e., the time of the Court's decision on Plaintiff's motion a temporary restraining order and the time of the Court's decision on Plaintiff's motion for a preliminary injunction), which has, as of the date of this Decision and Order, already expired.

Finally, the Court notes that Plaintiff's motion for reconsideration also requested oral argument, and/or an expedited decision, on Plaintiff's motion for reconsideration. That request is denied as unsupported by a showing of cause and/or moot.

### B. Motion for a Status Report from the Court
**\*3** After carefully considering the matter, Plaintiff's motion for a status report from the Court is denied as unsupported by a showing of cause and/or moot.

### C. Motion for a Preliminary Injunction
Generally, the issuance of a preliminary injunction pursuant to Fed.R.Civ.P. 65 depends on the movant's demonstration of (1) irreparable harm and (2) either a likelihood of success on

the merits, or a sufficiently serious question as to the merits of the case to make it a fair ground for litigation and a balance of hardships tipping decidedly in its favor. *Tom Doherty Assoc., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 33 (2d Cir.1995).

Here, after carefully considering the matter, Plaintiff's motion for a preliminary injunction is denied for each of the numerous reasons offered by Defendants in their memorandum of law: Plaintiff has not satisfied the above-described standard: on the current record, Plaintiff has not established either irreparable harm or a likelihood of success on the merits. (Dkt. No. 17, Attach. 11, at 18–22 [attaching pages "13" through "17" of Defs.' Memo. of Law] .) Of particular concern to the Court is this latter deficiency (i.e., Plaintiff's failure to show a likelihood of success on the merits), which is exacerbated by the various substantive pleading defects in his Complaint. The Court would add only that, even setting aside these pleading defects, following the Court's denial of Plaintiff's motion for a temporary restraining order, Plaintiff did not supplement the record with the sufficient evidence to warrant a contrary finding. (*Compare* Dkt. No. 1 *and* Dkt. No. 4 *with* Dkt. No. 10 *and* Dkt. No. 22.)

### D. Defendants' Cross–Motion to Dismiss

### 1. Legal Standard Governing Dismissal for Lack of Subject–Matter Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(1)

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.,* 201 F.3d 110, 113 (2d Cir.2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova,* 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova,* 201 F.3d at 113 (citing *Malik v. Meissner,* 82 F.3d 560, 562 [2d Cir.1996] ). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir.2005) (citing *Makarova,* 201 F .3d at 113).

The Court notes that challenges to a litigant's standing are properly raised on a motion for lack of subject-matter jurisdiction. *See Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.,* 436 F.3d 82, 88–89 & n. 6 (2d Cir.2006) ("Although we have noted that standing challenges have sometimes been brought under Rule 12(b)(6), as well as Rule 12(b)(1), ... the proper procedural route is a motion under Rule 12(b)(1)."); *A.C. v. Mattingly,* 05–CV–2986, 2007 WL 894268, at *3 (S.D.N.Y. March 20, 2007) ("The argument of lack of standing is properly raised under Rule 12(b)(1).").

### 2. Legal Standard Governing Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted, Pursuant to Fed.R.Civ.P. 12(b)(6)

**\*4** It has long been understood that a dismissal for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), may be based on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed.R.Civ.P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga County,* 549 F.Supp.2d 204, 211, nn. 15–16 (N.D.N.Y.2008) (McAvoy, J., adopting Report–Recommendation on *de novo* review) [citations omitted].

With regard to the first ground, Fed.R.Civ.P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) [emphasis added]. By requiring this "showing," Fed.R.Civ.P. 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson,* 549 F.Supp.2d at 212, n. 17 [citations omitted]. The main purpose of this rule is to "facilitate a proper decision on the merits." *Id.* at 212, n. 18 [citations omitted]. [4]

[4]  See also *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995) ( "Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo,* 861 F .2d 40, 42 (2d Cir.1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

The Supreme Court has long characterized this pleading requirement under Fed.R.Civ.P. 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement. *Id.*

2012 WL 1977972

at 212, n. 20 [citations omitted]. However, even this liberal notice pleading standard "has its limits." *Id.* at 212, n. 21 [citations omitted]. As a result, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet this liberal notice pleading standard. *Id.* at 213, n. 22 [citations omitted]; *see also Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949–52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly,* the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 127 S.Ct. at 1968–69. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965–74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation [s]." *Id .* at 1965 [citations omitted]. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.* [citations omitted]. [5]

[5]   See also *Iqbal v. Hasty,* 490 F.3d 143, 157–58 (2d Cir.2007) ( "[The Supreme Court] is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible."* ).

 **\*5**  As have other Circuits, the Second Circuit has recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, including claims brought by *pro se* litigants (although the plausibility of those claims is to be assessed generously, in light of the special solicitude normally afforded *pro se* litigants). [6] It should be emphasized that Fed.R.Civ.P. 8's plausibility standard, explained in *Twombly,* was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus,* in which (when reviewing a *pro se*

pleading) the Court stated, *"Specific facts are not necessary"* to successfully state a claim under Fed.R.Civ.P. 8(a)(2). *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) [citation omitted; emphasis added]. That statement was merely an abbreviation of the often-repeated point of law—first offered in *Conley* and repeated in *Twombly*—that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly,* 127 S.Ct. 1965, n. 3 (citing *Conley,* 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. [7]

[6]   See, e.g., *Jacobs v. Mostow,* 271 F. App'x 85, 87 (2d Cir. March 27, 2008) (in *pro se* action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.' ") [citation omitted] (summary order, cited in accordance with Rule 32.1[c][1] of the Local Rules of the Second Circuit); *Boykin v. KeyCorp.,* 521 F.3d 202, 215– 16 (2d Cir.2008) (finding that borrower's *pro se* complaint sufficiently presented a *"plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

[7]   For example, in *Erickson,* the Supreme Court held that, because the plaintiff-prisoner had alleged that, during the relevant time period, he suffered from hepatitis C, he had alleged facts plausibly suggesting that he possessed a sufficiently serious medical need for purposes of an Eighth Amendment claim of inadequate medical care. *Erickson,* 127 S.Ct. at 2199–2200. Expressed differently, the Court held that such a plaintiff need not *also* allege that he suffered an independent and "substantial injury" as a result of the termination of his hepatitis C medication (a requirement that had been imposed by the district court). This point of law is hardly a novel one, which is presumably why the *Erickson* decision was relatively brief. Prior to the Supreme Court's decision, numerous decisions, from district courts within the Second Circuit alone, had found that suffering from hepatitis

C constitutes having a serious medical need for purposes of the Eighth Amendment. *See, e.g., Rose v. Alvees,* 01–CV–0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004); *Verley v. Goord,* 02–CV–1182, 2004 WL 526740, at *10 n. 11 (S.D.N.Y. Jan. 23, 2004); *Johnson v. Wright,* 234 F.Supp.2d 352, 360 (S.D.N.Y.2002); *McKenna v. Wright,* 01–CV–6571, 2002 WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord,* 99–CV–3208, 2000 WL 760751, at *9 (S.D.N.Y. June 13, 2000). The important thing is that, in *Erickson,* even the *pro se* plaintiff was required to allege some sort of fact.

In reviewing a complaint for dismissal under Fed.R.Civ.P. 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. This standard is applied with even greater force where the plaintiff alleges civil rights violations and/or where the complaint is submitted *pro se.* However, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), [8] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed.R.Civ.P. 8, 10 and 12. [9] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed.R.Civ.P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow. [10] Stated more plainly, when a plaintiff is proceeding *pro se,* "all normal rules of pleading are not absolutely suspended." *Jackson,* 549 F.Supp.2d at 214, n. 28 [citations omitted].

[8] *Sealed Plaintif v. Sealed Defendant # 1,* No. 06–1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008); *see also Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983).

[9] *See Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir.1972) (extra liberal pleading standard set forth in *Haines v. Kerner,* 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed.R.Civ.P. 8); *accord, Shoemaker v. State of Cal.,* 101 F.3d 108 (2d Cir.1996) (citing *Prezzi v. Schelter,* 469 F.2d 691] [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter,* 469 F.2d 691, within the Second Circuit]; *accord, Praseuth v. Werbe,* 99 F.3d 402 (2d Cir.1995).

[10] *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed ... we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California,* 422 U.S. 806, 834, n. 46 (1975) ("The right of self-representation is not a license ... not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir.2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law" [citation omitted], *accord, Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983); *cf. Phillips v. Girdich,* 408 F.3d 124, 128, 130 (2d Cir.2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading [ ]or prejudice the adverse party").

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) or Fed.R.Civ.P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case. [11] Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint-to the extent those papers are consistent with the allegations in the complaint. [12]

[11] *See* Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L–7 Designs, Inc. v. Old Navy, LLC,* No. 10–573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary

judgment is not necessary under Fed.R.Civ.P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 111 (2d Cir.2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.... Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint.... However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

[12]   See *Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir.1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney,* 824 F.2d 192, 195 (2d Cir.1987) ( "In his affidavit submitted in opposition to

defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, ... and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v. Goord,* 314 F.Supp.2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds,* 317 F.Supp.2d 160 (N.D.N.Y.2004) (Hurd, J.).

**3. Analysis**

**\*6** After carefully considering the matter, and applying the above-described legal standard, Plaintiff's motion for a preliminary injunction is denied for each of the three alternative reasons offered by Defendants in their memorandum of law. *See, supra,* Part I.B. of this Decision and Order (summarizing those reasons).

The Court would add only two points. First, although Plaintiff attaches 97 pages of exhibits in his opposition to Defendants' motion to dismiss for failure to state a claim, and a 23–page memorandum of law, the Court either (1) does not construe the allegations in those documents as consistent with the allegations in Plaintiff's Complaint or (2) finds the allegations in those documents to be insufficient to rescue the pleading defects contained in Plaintiff's claims. Second, although Plaintiff appears to now largely hinge his claims on *Olmstead v. L.C. ex rel. Zimring,* 527 U.S. 581 (1999), and/or Fed.R.Civ.P. 23, the Court finds that reliance to be misplaced. (Dkt. No. 22, Attach. 1, at 4–8 .)

**4. Whether Dismissal Should Be With or Without Prejudice**

Generally, when a district court dismisses a *pro se* action *sua sponte,* the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank,* 171 F.3d 794, 796 (2d Cir.1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. [13]

13  *Shuler v. Brown,* 07–CV–0937, 2009 WL 790973, at *5 & n. 25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report–Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord, Smith v. Fischer,* 07–CV–1264, 2009 WL 632890, at *5 & n. 20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report–Recommendation by Lowe, M.J.); *Abascal v. Hilton,* 04–CV–1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 130 2008) (Kahn, J., adopting, on de novo review, Report–Recommendation by Lowe, M.J.); *see also Yang v. New York City Trans. Auth.,* 01–CV–3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.,* 16 F.Supp.2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis,* 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) (citations omitted). [14] This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco,* 222 F.3d at 103; *Brown,* 1997 WL 599355 at * 1.

14  *Accord, Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where

a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990) ( "[W]here ... there is no merit in the proposed amendments, leave to amend should be denied").

Here, the Court finds that the pleading deficiency in Plaintiff's claims are substantive and not merely formal. As an initial matter, lack of subject-matter jurisdiction is generally viewed as a substantive defect. [15] Even if the Court did possess subject-matter jurisdiction over Plaintiff's claims, the pleading defects in those detailed claims still appear substantive. For example, it does not appear to the Court that granting Plaintiff leave to amend his claims would likely be productive. Setting aside the fact that he has failed to correct those defects despite having had months in which to do so, the fact remains that he appears to insist on asserting nonactionable claims, rendering any amendment futile. (*See generally* Dkt. No. 22, Attach. 1.) As a result, the Court declines to afford Plaintiff an opportunity to amend his Complaint prior to dismissal.

15  *See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp.,* 152 F.Supp.2d 443, 455 (S.D.N.Y.2001) ("[I]t is not appropriate to grant Phipps's request [for leave to amend the Complaint] because the Court has determined that it does not have subject matter jurisdiction over this action."); *Chan v. Reno,* 916 F.Supp. 1289, 1302 (S.D.N.Y.1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. As will be discussed herein, [the proposed amended complaint] ... presents a non-justiciable claim and fails to present this Court with subject matter jurisdiction. Therefore, because [the proposed amended complaint] would be subject to a successful motion to dismiss ..., amendment would be futile.").

However, because Defendants argued persuasively that Plaintiff should have presented his challenge to the County's project labor agreement in an Article 78 proceeding in state court, the Court dismisses Plaintiff's claims against the County without prejudice to refiling in state court within thirty (30) days of this Decision and Order. [16]

16    The Court notes that, in addition, it expresses no opinion as to the merits of any claim, arising in the future, that Plaintiff may or may not bring pursuant to *Olmstead v. L.C. ex rel. Zimring,* 527 U.S. 581 (1999).

**\*7  ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for reconsideration of the Court's Decision and Order of February 29, 2012, denying his motion for a temporary restraining order (Dkt. No. 10) is **DENIED;** and it is further

**ORDERED** that Plaintiff's motion for a report from the Court regarding the status of his motion for reconsideration (Dkt. No. 30) is **DENIED;** and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 4) is **DENIED;** and it is further

**ORDERED** that Defendants' cross-motion to dismiss Plaintiffs' Complaint (Dkt. No. 17) is **GRANTED;** and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice EXCEPT** for his claims against Schenectady County, which are **DISMISSED without prejudice** to refiling in state court within **THIRTY (30) DAYS** of this Decision and Order.

*The Court hereby certifies, for purposes of* 28 U.S.C. § 1915(a) (3), *that any appeal taken from this Decision and Order would not be taken in good faith.*

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 1977972

---

**End of Document**                © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:22-cv-00238-DNH-TWD    Document 28    Filed 06/01/22    Page 35 of 53

Moran v. Proskauer Rose LLP, Not Reported in Fed. Supp. (2017)

2017 WL 3172999

2017 WL 3172999
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Thomas J. MORAN, Plaintiff,

v.

PROSKAUER ROSE LLP; Jerold D. Jacobson;
and Keisha Ann Grace Gray, Defendants.

1:17-cv-00423 (MAD/TWD)
|
Signed 07/26/2017

**Attorneys and Law Firms**

APPEARANCES: THOMAS J. MORAN, 500 16th St., Apt.
203, Watervliet, New York 12189, Plaintiff, pro se.

**ORDER**

Mae A. D'Agostino, U.S. District Judge

*1 Plaintiff commenced this action *pro se* on April 17,
2017 against Proskauer Rose LLP ("Proskauer Rose"),
Jerold D. Jacobson ("Defendant Jacobson"), and Keisha
Ann Grace Gray ("Defendant Gray"). *See* Dkt. No. 1. In
an Order and Report-Recommendation dated May 1, 2017,
Magistrate Judge Dancks granted Plaintiff's application to
proceed *in forma pauperis* for filing purposes only and
denied Plaintiff's motion for appointment of counsel. *See*
Dkt. No. 6 at 2, 9. In reviewing the sufficiency of the
complaint, Magistrate Judge Dancks concluded that the Court
lacks subject matter jurisdiction over Plaintiff's claims, and
therefore, despite Plaintiff's *pro se* status, recommended that
Plaintiff's complaint be dismissed with prejudice. *See id.* at
9. On May 26, 2017, Plaintiff filed objections to Magistrate
Judge Dancks's Order and Report-Recommendation. *See* Dkt.
No. 7.

According to the complaint, Proskauer Rose is a global law
firm and Defendants Jacobson and Gray are attorneys with
Proskauer Rose. *See* Dkt. No. 1 at 5. Plaintiff asserts that
Proskauer Rose is counsel for non-party Jewish Board of
Family and Children's Services ("JBFCS"), Plaintiff's former
employer. *See id.* at 5-6. As Magistrate Judge Dancks noted,
according to publicly available documents, Plaintiff filed a
complaint with the New York State Division of Human Rights
("NYSDHR") against JBFCS. *See* Dkt. No. 6 at 4.

Plaintiff alleges that Defendants Jacobson and Gray appeared
at a conference before the NYSDHR on behalf of JBFCS.
*See* Dkt. No. 1 at 5-6. Plaintiff alleges that, at the time of
this conference, Defendants Jacobson and Gray were not
appropriately licensed to practice law in New York State
through the New York State Unified Court System. *See id.*
Plaintiff alleges that he told two of NYSDHR's employees
that "allowing two attorneys with no valid law licenses into
this conference to practice law is fraudulent." *Id.* at 6.

Moreover, Plaintiff alleges that Defendant Jacobson wrote
a "fraudulent" email response to Plaintiff's NYSDHR
complaint since Defendant Jacobson's "law license [was]
expired at the time the [r]esponse was sent." *Id.* Plaintiff
also argues that, because of Defendant Jacobson's personal
relationship with the JBFCS, it is inappropriate for him
"to handle the issues of the Jewish Board." *Id.* at 7.
Furthermore, Plaintiff claims that Defendant Gray "tricked
[Maria] Di Cosimo of Lexis-Nexis into providing Ms.
Gray with information that was obtained through Ms. Di
Cosimo's connection with Lexis-Nexis fraudulently." *Id.*
Plaintiff requests $240 million in total from Defendants and
an injunction preventing Defendant Proskauer Rose from
"continuing its practice of allowing attorneys with no law
licenses to practice law in the State of New York as well as
the United States." *Id.* at 8.

"[I]n a *pro se* case, the court must view the submissions
by a more lenient standard than that accorded to 'formal
pleadings drafted by lawyers.' " *Govan v. Campbell*, 289
F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v.
Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).
The Second Circuit has opined that the court is obligated
to "make reasonable allowances to protect *pro se* litigants"
from inadvertently forfeiting legal rights merely because they
lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710
F.2d 90, 95 (2d Cir. 1983)). However, "[t]he right of self-
representation does not exempt a party from compliance with
the relevant rules of procedural and substantive law." *Massie
v. Ikon Office Solutions, Inc.*, 381 F. Supp. 2d 91, 94 (N.D.N.Y.
2005) (quoting *Clarke v. Bank of New York*, 687 F. Supp. 863,
871 (S.D.N.Y. 1988)).

*2 In reviewing a report and recommendation, a district
court "may accept, reject, or modify, in whole or in part,
the findings or recommendations made by the magistrate
judge." 28 U.S.C. § 636(b)(1)(C). When a party makes
specific objections to a magistrate judge's report, the district

Moran v. Proskauer Rose LLP, Not Reported in Fed. Supp. (2017)

2017 WL 3172999

court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). As mentioned, Plaintiff has submitted objections to the Order and Report-Recommendation. *See* Dkt. No. 7.

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Federal jurisdiction is available only when a "federal question" is presented or when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. When a court lacks subject matter jurisdiction, dismissal of the complaint is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

In order to invoke "federal question" jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, as Magistrate Judge Dancks concluded, Plaintiff has failed to allege a claim that arises under the Constitution or laws of the United States of America. Plaintiff's main allegation surrounds the state bar licensure of two private attorneys employed by a private limited liability partnership. *See* Dkt. No. 1 at 5. There is no federal claim that can be inferred from the facts alleged.

Plaintiff has submitted his allegations on a form that is provided by the Court for *pro se* litigants to file civil rights complaints pursuant to 42 U.S.C. § 1983 ("Section 1983"). *See id.* at 1. However, there is no indication from Plaintiff's allegations that a Section 1983 claim could be supported. In his objections, Plaintiff agreed with Magistrate Judge Dancks that the reason he used a civil rights complaint form was because it was provided to him by the Court. *See* Dkt. No. 7 at 4.

To state a Section 1983 claim, "a plaintiff must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state ... law.' " *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640

(1980)). Moreover, "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.' " *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 187 (2d Cir. 2005) (quoting *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)). The conduct of a private actor may be considered state action when the private actor "is a willful participant in joint activity with the State or its agents." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

**\*3** Defendants Jacobson and Gray are private attorneys working for a private law firm. *See* Dkt. No. 1 at 5. Plaintiff does not allege that Defendants had any affiliation with the State of New York beyond their licensure, and therefore, they cannot be deemed "state actors" under Section 1983. *See Licari v. Voog*, 374 Fed. Appx. 230, 231 (2d Cir. 2010) ("[P]rivate attorneys—even if the attorney was court appointed—are not state actors for the purposes of § 1983 claims.") (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)). Furthermore, Proskauer Rose's registration as a domestic limited liability partnership with the State of New York does not render it a "state actor." [1] *See Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543-44 (1987)). Plaintiff has also failed to allege that Defendants conspired with any state actor to violate his constitutional rights. Accordingly, Plaintiff has failed to allege a cause of action that provides this Court with subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff's objections offer nothing to cure this defect.

[1]    As Magistrate Judge Dancks noted, Proskauer Rose is listed as a domestic registered limited liability partnership with the New York State Division of Corporations. *See* Dkt. No. 6 at 8 n.4.

As Magistrate Judge Dancks also found, Plaintiff has failed to establish a basis for diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 6 at 8. Diversity jurisdiction is only proper where "all of the adverse parties in a suit [are] completely diverse with regard to citizenship." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). For the purposes of diversity jurisdiction, the citizenship of limited liability partnerships, like Proskauer Rose, is determined by the citizenship of all of its members.

Case 1:22-cv-00238-DNH-TWD Document 28 Filed 06/01/22 Page 37 of 53
Moran v. Proskauer Rose LLP, Not Reported in Fed. Supp. (2017)
2017 WL 3172999

*See Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000).

Here, the complaint states that Plaintiff lives in Watervliet, New York, and that Defendants Jacobson and Gray are also citizens of New York. *See* Dkt. No. 1 at 1-2, 5. Proskauer Rose's citizenship is determined by the citizenship of each of its members, including Defendants Jacobson and Gray.[2] *See id.* As such, all parties are citizens of New York, and this Court lacks diversity jurisdiction over Plaintiff's claims. Accordingly, Plaintiff's complaint is dismissed.

[2]     Defendants Jacobson and Gray are listed as partners on the Proskauer Rose website. *Professionals*, Proskauer Rose, http://www.proskauer.com/professionals/ (last visited July 13, 2017).

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted). As Magistrate Judge Dancks found, lack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading. *See*

Dkt. No. 6 at 9; *see also Planck v. Schenectady Cty.*, No. 1:12-CV-0336, 2012 WL 1977972, *6 (N.D.N.Y. June 1, 2012). As such, Plaintiff's complaint is dismissed with prejudice.[3]

[3]     Since the Court is dismissing Plaintiff's complaint with prejudice, the Court will not address Plaintiff's objection to Magistrate Judge Dancks's denial of Plaintiff's motion for appointment of counsel.

**\*4** Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks's Order and Report-Recommendation (Dkt. No. 6) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED in its entirety without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2017 WL 3172999

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

2021 WL 2431259
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Patrick GUILLORY, Plaintiff,

v.

BISHOP NURSING HOME, Defendant.

5:21-CV-410 (MAD/ATB)
|
Signed 06/15/2021

**Attorneys and Law Firms**

PATRICK GUILLORY, 753 James Street, Apt. #1129, Syracuse, New York 13203, Plaintiff pro se.

### ORDER

Mae A. D'Agostino, U.S. District Judge:

**\*1** Plaintiff commenced this action on April 12, 2021, submitting a complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 1, 2. In an Order and Report-Recommendation dated April 19, 2021, Magistrate Judge Baxter conducted an initial review of the complaint and IFP application and found Plaintiff financially eligible for IFP status, granting his motion to proceed IFP therein. *See* Dkt. No. 6. As to the complaint, Magistrate Judge Baxter recommended that this action be dismissed without prejudice, but without opportunity for amendment. *See id.* at 7. Plaintiff did not object to the report.

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against Defendant Bishop Nursing Home ("Bishop") for allegedly "operating a dangerous establishment." Dkt. No. 1 at 2. Specifically, he complains that the "call bell in the restroom do[es] not work and patients have to wait an hour" or more for assistance from a nurse. *Id.* at 3. Plaintiff also alleges that the "electronics" in the patients' rooms do not work. *Id.* Plaintiff states three causes of action concerning Bishop's "neglect" toward patients, "defective" room equipment, and Bishop's "refus[al]" to move patients to another room when other patients are being disruptive." *Id.* Plaintiff requests that this Court "order an FBI investigation into the first, second, and third causes of action." *Id.* at 4.

After conducting an initial review of the complaint, Magistrate Judge Baxter found that "Plaintiff is suing Bishop, a privately owned, for-profit care facility." Dkt. No. 6 at 4. Because Plaintiff failed to plausibly allege that Bishop acted under color of state law, Magistrate Judge Baxter found that the complaint failed to state any claims for relief under Section 1983. *See id.* at 4. Accordingly, Magistrate Judge Baxter recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction. *See id.* at 4-5. Because the problem with Plaintiff's complaint is substantive such that better pleading will not cure it, Magistrate Judge Baxter further recommended that this action be dismissed without leave to amend. *See id.* at 6.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) ... the court shall dismiss the case at any time if the court determines that - ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.' " *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**\*2** When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report-recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the April 19, 2021 Order and Report-Recommendation, Plaintiff's submissions, and the applicable law, the Court finds that Magistrate Judge Baxter correctly determined that this action must be dismissed without prejudice for lack of subject matter jurisdiction. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated by a person acting under the color of state law, or a state actor. *See West v. Atkins*, 487 U.S. 42, 48-49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Private parties are generally not state actors, and are therefore not subject to liability under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties....") (internal quotation marks and citation omitted). For purposes of Section 1983, the actions of a nominally private entity are attributable to the state when: "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test')." *Caballero v. Shayna*, No. 18-CV-1627, 2019 WL 2491717, *3 (E.D.N.Y. June 14, 2019) (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Id.* (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).

**\*3** In the present case, the named Defendant is a privately owned, for-profit care facility and Plaintiff alleges no facts suggesting that Bishop is a state actor under any of the aforementioned exceptions, or that Bishop's actions are otherwise fairly attributable to the state. *See* Dkt. No. 6 at 4. Because Plaintiff failed to plausibly allege that the named Defendant acted under color of state law, Magistrate Judge Baxter correctly determined that the complaint fails to state any claims for relief under Section 1983. *See DuBois v. Bedford-Flatbush Chiropractic, P.C.*, 409 F. Supp. 3d 62, 69 (E.D.N.Y. 2019) (acknowledging that, in the context of Section 1983, public functions do not include operating nursing homes) (citing *Manhattan Cmty. Access Corp. v. Halleck*, ––– U.S. ––––, 139 S. Ct. 1921, 1926, 204 L.Ed.2d 405 (2019)); *White v. St. Joseph's Hosp.*, 369 Fed. App'x. 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as the hospitals, nursing home, and cemetery named as defendants in [plaintiff's] complaint, are generally not proper § 1983 defendants because they do not act under color of state law.").

Moreover, Magistrate Judge Baxter correctly determined that leave to re-plead should be denied. Generally, a *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637, 2012 WL 235523, *8 n.19 (N.D.N.Y. Jan. 25, 2012), dismissal without leave to amend is appropriate in this case.

Finally, the Court acknowledges that Plaintiff has waived any right to challenge the report on appeal by failing to object to the report within fourteen days. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003). In accordance with the requirement that *pro se* litigants be given notice of this rule, *see Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989),

Plaintiff received sufficient notice upon receipt of the report. *See* Dkt. No. 6 at 7.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's April 19, 2021 Order and Report-Recommendation is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that this action is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2021 WL 2431259

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

2015 WL 13744417

2015 WL 13744417
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Janice E. BURKE, Plaintiff,

v.

Tom VONNARD, Defendant.

5:15-CV-1133 (MAD/TWD)
|
Signed 09/25/2015
|
Filed 09/28/2015

**Attorneys and Law Firms**

JANICE E. BURKE, Plaintiff pro se, 309 Westfall Street,
Syracuse, New York 13209.

### ORDER AND REPORT-RECOMMENDATION

Thérèse Wiley Dancks, United States Magistrate Judge

**\*1** The Clerk has sent this pro se civil rights complaint,
brought pursuant to 42 U.S.C. §§ 1981, 1982, and 3604, 29
U.S.C. § 794, and United States Tort Law [1], together with an
application to proceed in forma pauperis ("IFP Application")
to the Court for review. (Dkt. Nos. 1 and 2.)

[1]   Plaintiff has not identified the United States Tort
      Law to which she is referring, and the Court is
      unaware of any such law applicable to her claim
      that she was wrongfully evicted by Defendant.

### I. IFP APPLICATION
A court may grant in forma pauperis status if a party "is
unable to pay" the standard fee for commencing an action. 28
U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's IFP
Application (Dkt. No. 2), the Court finds that she meets the
standard and her IPF Application is is granted. [2]

[2]   Plaintiff should note that although her IFP
      Application has been granted, she will still be
      required to pay fees that she may incur in this
      action, including copying and/or witness fees.

### II. LEGAL STANDARDS FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for in forma
pauperis, 28 U.S.C. § 1915(e) directs that when a plaintiff
proceeds in forma pauperis, "the court shall dismiss the case
at any time if the court determines that ... the action ... (i)
is frivolous or malicious; (ii) fails to state a claim on which
relief may be granted; or (iii) seeks monetary relief against
a defendant who is immune from such relief." 28 U.S.C. §
1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must
look to see whether the complaint lacks an arguable basis
either in law or in fact. Neitzke v. Williams, 490 U.S. 319,
325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "An action is
frivolous when either: (1) the factual contentions are clearly
baseless such as when the claims are the product of delusion
or fantasy; or (2) the claim is based on an indisputably
meritless legal theory." Livingston v. Adirondack Beverage
Co., 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal
quotation marks omitted). Although some caution should
be exercised in ordering sua sponte dismissal of a pro se
complaint before the adverse party has been served and the
parties have had an opportunity to respond, Anderson v.
Coughlin, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a
responsibility to determine that a claim is not frivolous before
permitting a plaintiff to proceed. See, e.g., Thomas v. Scully,
943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a
district court has the power to dismiss a complaint sua sponte
if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint
must plead enough facts to state a claim that is "plausible
on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,
570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged."
Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173
L.Ed.2d 868 (2009). While Rule 8(a) of the Federal Rules
of Civil Procedure, which sets forth the general rules of
pleading, "does not require detailed factual allegations, ... it
demands more than an unadorned, the-defendant-harmed-me
accusation." Id. In determining whether a complaint states
a claim upon which relief may be granted, "the court must
accept the material facts alleged in the complaint as true and
construe all reasonable inferences in the plaintiff's favor."
Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994)
(citation omitted). "[T]he tenet that a court must accept as true
all of the allegations contained in a complaint is inapplicable
to legal conclusions." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.

Burke v. Vonnard, Not Reported in Fed. Supp. (2015)

2015 WL 13744417

Case 1:22-cv-00238-DNH-TWD   Document 28   Filed 06/01/22   Page 42 of 53

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**\*2** Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### III. PLAINTIFF'S COMPLAINT

On September 2, 2011, Plaintiff entered into a written lease with Defendant Tom Vonnard for a two bedroom apartment at 1214 Milton Avenue. (Dkt. No. 1 at 2.) Plaintiff paid a security deposit and the first month's rent. *Id.* Plaintiff made a number of improvements to the apartment. *Id.*

Plaintiff was employed when she leased the apartment but was released from her job on February 10, 2012. *Id.* Plaintiff continued to pay rent for two months as she looked for new employment. *Id.* On April 1, 2012, an acquaintance who had just been released from a drug rehabilitation facility appeared at Plaintiff's apartment in need of temporary shelter. [3] *Id.* Plaintiff agreed to the temporary arrangement. *Id.* When Defendant came to the apartment to pick up rent on April 5, 2012, he asked about the person staying in her apartment, and Plaintiff explained the temporary arrangement. [4] *Id.*

[3]   The date alleged in the complaint is April 1, 2011. (Dkt. No. 1 at 2.) Because Plaintiff had not yet leased the apartment in April 2011, the Court has assumed that the intended date is April 1, 2012.

[4]   The date set forth in the complaint is April 5, 2011. (Dkt. No. 1 at 2.) Again, the Court has assumed the intended year is 2012.

Plaintiff also explained to Defendant that she had been released from her employment and had only $400.00 of the agreed upon rent of $575.00. *Id.* She told Defendant she was applying for public assistance while looking for employment. *Id.* At Defendant's suggestion, Plaintiff and the acquaintance who was staying with her applied for public assistance as "co-op tenants." *Id.* Within forty-five days, the Department of Social Services ("DSS") issued two checks to Defendant, each in the amount of $287.50, for Plaintiff and her acquaintance as co-tenants. *Id.*

On December 16, 2013, DSS sanctioned Plaintiff for 150 days. *Id.* at 3. Plaintiff requested a fair hearing and explained the situation to Defendant. *Id.* On May 16, 2014, DSS issued all monies due Defendant. *Id.*

On April 9, 2014, prior to Plaintiff's fair hearing, National Grid shut off the power in the apartment for lack of payment. *Id.* After Plaintiff's sanction was lifted by DDS, she went to HEAP and National Grid to have the power restored. *Id.* Plaintiff and Defendant agreed to September 17, 2014 [5], for power to be restored. *Id.* However, Plaintiff was denied restoration because her co-tenant had been sanctioned and DSS stated that no payment arrangement could be made with National Grid until the co-tenant was cleared. *Id.*

[5]   September 17, 2014, is the date set forth in the complaint. (Dkt. No. 1 at 3.) Inasmuch as DSS issued all rent monies due Defendant May 16, 2014, it is unclear why power would not be restored until September 17, 2014. *Id.*

The co-tenant lost her keys on or about May 16, 2014, and broke a back porch window to gain entry into the apartment. *Id.* The co-tenant admitted to Defendant that she had broken the window and agreed to have it repaired. *Id.*

**\*3** On September 29, 2014, Plaintiff left the apartment for temporary shelter due to lack of power, mice, chest congestion, and cataracts. *Id.* She returned to the apartment several times and discovered that her key no longer worked. *Id.* When Plaintiff called Defendant, he informed her that she and her co-tenant had been evicted for non-payment of rent on October 31, 2014. [6] *Id.* Plaintiff informed Defendant that her share of the rent had been paid, along with November and December rent, and that she had not been served with eviction papers, which Defendant told her had been placed on the apartment door. *Id.* Plaintiff requested a copy of the eviction notice, and it was faxed to her three days later. *Id.*

[6]   The date set forth in the complaint is October 31, 2011. (Dkt. No. 1 at 4.) Given the chronological order in which the allegations in the complaint are

**Burke v. Vonhard, Not Reported in Fed. Supp. (2015)**

2015 WL 13744417

Case 1:22-cv-00238-DNH-TWD    Document 28    Filed 06/01/22    Page 43 of 53

set forth, the Court has assumed the intended year is 2014.

Plaintiff contends that Defendant: (1) falsified documents to be granted eviction; (2) was aware that the total contents of the apartment, excluding the co-tenant's clothes, were Plaintiff's; (3) was aware that once Plaintiff and her co-tenant entered into a co-op tenant agreement, the living arrangement was no longer temporary, and that as landlord he was the only one who could have the co-tenant removed for non-payment of rent; (4) denied Plaintiff, who had not defaulted, entry into the apartment after he had accepted rent for November and December of 2014 and denied her the right to move or obtain another tenant to share the rent costs; (5) maliciously disposed of Plaintiff's belongings including items of sentimental value, her high school and college diplomas, confidential documents such as her birth certificate and social security card, and her computer and laptop, which were placed out in the street; and (6) failed to return her security deposit based on falsified documents filed in court. *Id.* at 3-4.

Plaintiff claims that as a result of Defendant's actions, she is experiencing severe mental depression, apathy, and muscle loss due to the inability to utilize the commercial exercise equipment she had purchased and kept in her apartment. *Id.* at 4. According to Plaintiff, she has been forced to use prescription drugs to alleviate pain and swelling due to the lack of physical exercise. *Id.*

Plaintiff seeks as relief a letter of apology from Defendant, all applicable punishment for the offenses alleged, and any other relief the court deems applicable for the loss of Plaintiff's belongings, which are identified in an attachment to the complaint. *Id.* at 5-11.

## IV. ANALYSIS

**A. Plaintiff's Claim under 42 U.S.C. §§ 1981 and 1982**
Section 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens...." 42 U.S.C. § 1981(a). To establish a claim under § 1981, a plaintiff must show that (1) he is a member of a protected class; (2) defendant intended to discriminate against plaintiff based upon his membership in the protected class; and (3) the discrimination concerned one or more of the activities enumerated in § 1981. *Brown*

*v. City of Oneonta,* 221 F.3d 329, 339 (2d Cir. 2000). Like the Equal Protection Clause, § 1981 can only be violated by purposeful discrimination. *Gen. Bldg. Contractor's Assn., Inc. v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982).

42 U.S.C. § 1982 states that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Section 1982 has been interpreted to prohibit "intentional discrimination" based on race. *Shaare Tefila Congregation v. Cobb,* 481 U.S. 615, 617, 107 S.Ct. 2019, 95 L.Ed.2d 594 (1987) (citation omitted).

**\*4** Plaintiff has not identified her race or alleged in her complaint that she is a member of a protected class. Nor has she set forth facts plausibly showing that Defendant intended to discriminate against her based upon her race or membership in some other protected class. Therefore, the Court finds that Plaintiff has failed to state a claim under 42 U.S.C. §§ 1981 and 1982. *See Francis v. Kings Park Manor, Inc.,* No. 14-cv-3555 (ADS) (GRB), 91 F.Supp.3d 420, 2015 WL 1189579, at * 4, 2015 U.S. Dist. LEXIS 31787 (E.D.N.Y. March 16, 2015)[7] (to state a claim for racial discrimination under §§ 1981 or 1982, a plaintiff must allege intentional discrimination on the part of the defendant) (citation and internal quotation marks omitted).

[7]    Copies of the unpublished decision will be provided to Plaintiff in accordance with *Lebron v. Sanders,* 557 F.3d 76 (2d Cir. 2009) (per curiam).

**B. Plaintiff's Fair Housing Act Claim**
The Fair Housing Act ("FHA"), enacted as Title VIII of the Civil Rights Act of 1968, as amended, imposes liability on private actors who discriminate against protected class members in the real estate market. 42 U.S.C. §§ 3601, *et seq.* The FHA provides a private right of action for enforcement. 42 U.S.C. § 3613.

Section 3604 of the FHA prohibits private actors in the housing market from engaging in certain discriminatory actions regarding those seeking housing. More specifically, § 3604(a) makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." Section 3604(b) makes it

unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." Section 3604(f)(1) makes it unlawful "[t]o discriminate in the sale or rental, or otherwise to make unavailable or deny a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter, (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that buyer or renter."

Plaintiff has not alleged in her complaint that Defendant evicted her from the Milton Avenue apartment because of race, color, religion, sex, familial status, national origin, or because of a handicap. (Dkt. No. 1.) Therefore, the Court finds that Plaintiff has failed to state a claim under § 3604 of the FHA.

### C. Rehabilitation Act Claim

"Section 504 of the Rehabilitation Act provides in pertinent part that [n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a); Bryant v. N.Y.S. Educ. Dept., 692 F.3d 202, 216 (2d Cir. 2012), cert. denied, 569 U.S. 958, 133 S.Ct. 2022, 185 L.Ed.2d 885 (2013).

Plaintiff has failed to allege that she is handicapped or that Defendant evicted her solely because of a handicap for purposes of stating a claim under the Rehabilitation Act. Furthermore, Plaintiff's complaint does not set forth facts plausibly showing the receipt of federal financial assistance in connection with her rental of the Milton Avenue apartment or eviction by Defendant.

Plaintiff has alleged that she was the recipient of public assistance and that DSS issued checks to Defendant for rent for Plaintiff and her co-tenant. (Dkt. No. 1 at ¶ 4.) However, those allegations are insufficient to state a claim against Defendant under the Rehabilitation Act. See Reyes v. Fairfield Properties, 661 F.Supp.2d 249, 264 (E.D.N.Y. 2009) (recognizing that "an entity or person who received housing assistance payments under a housing assistance payments program or a voucher program is not a 'recipient' of federal financial assistance by virtue of receipt of such payments.") (citation omitted); 24 C.F.R. § 8.3 ("An entity

or person receiving housing assistance payments from a recipient on behalf of eligible families under a housing assistance payments program or a voucher program is not recipient or subrecipient merely by virtue of receipt of such payments.")

**\*5** Based upon the foregoing, the Court finds that Plaintiff has failed to state a claim under the Rehabilitation Act.

### D. Lack of Subject Matter Jurisdiction Over Plaintiff's Eviction Claim

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

When a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). Therefore, a plaintiff, even if appearing pro se, must establish that the court has subject matter jurisdiction. Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) ("Although we construe a pro se plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (citations omitted).

The allegations in Plaintiff's complaint are akin to a state law claim for wrongful eviction. Federal courts, unlike state courts, have no jurisdiction over landlord-tenant matters. See Galland v. Margules, No. 05-CV-5639 (DC), 2005 WL 1981568, at * 1, 2005 U.S. Dist. LEXIS 17125 (S.D.N.Y. Aug. 17, 2005) (noting that federal courts do not have federal question jurisdiction over state residential landlord-tenant matters), aff'd, 191 F. App'x 23 (2d Cir. 2006); see also Rosen v. Shore Towers Apartments, Inc., No. 11-CV-0752 (RRM) (LB), 2011 WL 2550733, at * 5, 2011 U.S. Dist. LEXIS 68412 (E.D.N.Y. June 27, 2011) (noting that courts in this Circuit "routinely dismiss for lack of subject matter jurisdiction" claims concerning eviction (collecting cases) ). Therefore,

Burke v. Vonhard, Not Reported in Fed. Supp. (2015)

2015 WL 13744417

the federal court has no jurisdiction over Plaintiff's state law wrongful eviction claim. [8]

[8]  Because the Court is recommending dismissal of Plaintiff's federal claims, it recommends that the District Court decline without prejudice to exercise supplemental jurisdiction over Plaintiff's state law wrongful eviction claim.

### V. CONCLUSION

Based upon the foregoing, the Court has concluded that Plaintiff has failed to state a claim under 42 U.S.C. §§ 1981 and 1982, the FHA, and the Rehabilitation Act. The Court has further found that there is no subject matter jurisdiction over her state law claim for wrongful eviction. Therefore, the Court recommends that Plaintiff's complaint be dismissed for failure to state a claim with leave to amend.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH LEAVE TO AMEND** for failure to

state a claim upon initial review under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**\*6  RECOMMENDED** that the District Court **DECLINE WITHOUT PREJUDICE** to exercise supplemental jurisdiction over Plaintiff's state law wrongful eviction claim; and it is

**ORDERED**, that the Clerk send Plaintiff a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein, in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989) ); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

### All Citations

Not Reported in Fed. Supp., 2015 WL 13744417

---

**End of Document**

© 2022 Thomson Reuters. No claim to original U.S. Government Works.

Burke v. Vonnard, Not Reported in Fed. Supp. (2016)

2016 WL 3176653

2016 WL 3176653
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Janice E. BURKE, Plaintiff,

v.

Tom VONNARD, Defendant.

5:15-CV-1133 (MAD/TWD)

|

Signed 06/07/2016

**Attorneys and Law Firms**

JANICE E. BURKE, 309 Westfall Street Syracuse, New York 13209, pro se.

**ORDER**

Mae A. D'Agostino, U.S. District Judge

**\*1** Plaintiff, Janice Burke, commenced this action *pro se* on September 21, 2015, against Defendant, Tom Vonnard. *See* Dkt. No. 1. Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1981, 1982, and 3604, 29 U.S.C. § 794, and United States Tort Law alleging wrongful eviction by Defendant. Plaintiff filed an application to proceed in *forma pauperis. See* Dkt. Nos. 1 and 2.

On September 28, 2015, Magistrate Judge Thérèse Wiley Dancks issued an Order and Report-Recommendation granting Plaintiff's IFP application, recommending that Plaintiff's complaint be dismissed with leave to amend for failure to state a claim upon initial review under 28 U.S.C. § 1915(e)(2)(B)(ii), and further recommending that the District Court decline without prejudice to exercise supplemental jurisdiction over Plaintiff's state law wrongful eviction claim. *See* Dkt. No. 4 at 11.

A court may grant a motion to proceed in *forma pauperis* ("IFP") if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards pro se litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted); *see, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, ... it demands more than an unadorned" recitation of the alleged misconduct. *Id.* (citations and quotation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

**\*2** When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (2009). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Burke v. Vornard, Not Reported in Fed. Supp. (2016)

2016 WL 3176653

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Dancks provided Plaintiff adequate notice that she was required to file any objections to the Order and Report– Recommendation, and specifically informed her that failure to object to any portion of the report would preclude her right to appellate review. *See* Dkt. No. 4 at 12. Specifically, Magistrate Judge Dancks informed Plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72." *See* Dkt. No. 4 at 12. Magistrate Judge Dancks clearly provided Plaintiff with sufficient notice of the consequences of failing to object to the Order and Report– Recommendation.

42 U.S.C. § 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a) (1977). In order to establish a claim under § 1981, "a plaintiff must allege facts supporting the following elements: (1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statutes enumerated activities." *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000) (citation omitted). Section 1982 states that

"[a]ll citizens of the United states shall have the same right, in every State ... as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982 (1978). Section 1982 has been interpreted to prohibit "intentional discrimination" based solely on a person's "ancestry or ethnic characteristics." *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617 (1987) (citation and internal quotation marks omitted).

**\*3** As Magistrate Judge Dancks correctly found, Plaintiff has not identified her race or alleged in her complaint that she is a member of a protected class based on her ancestry or ethnic characteristics under 42 U.S.C. §§ 1981 and 1982. Nor has the Plaintiff set forth facts plausibly showing that Defendant intended to discriminate against her based on her race, ancestry or ethnic characteristics. Therefore, the Court finds the Plaintiff failed to state a claim under 42 U.S.C. §§ 1981 and 1982.

Section 3604 of the Fair Housing Act ("FHA") prohibits private actors in the housing market from engaging in certain discriminatory actions regarding those seeking housing. 42 U.S.C. § 3604 (2012). More specifically, § 3604(a) makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Section 3604(b) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status or national origin." 42 U.S.C. § 3604(b). Section 3604(f)(1) makes it unlawful "[t]o discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter; (B) a person residing in or intending to reside in that dwelling after it is sold, rented, or made available; or (C) any person associated with that buyer or renter." 42 U.S.C. § 3604(f)(1).

Again, Magistrate Judge Dancks correctly determined that Plaintiff failed to present factual allegations in her complaint that Defendant evicted her from the Milton Avenue apartment because of her race, color, religion, sex, familial status, national origin, or because of a handicap. Therefore, the Court finds that Plaintiff has failed to state a claim under § 3604 of the FHA.

Burke v. Vonhard, Not Reported in Fed. Supp. (2016)

Case 1:22-cv-00238-DNH-TWD  Document 28  Filed 06/01/22  Page 48 of 53

2016 WL 3176653

Section 504 of the Rehabilitation Act provides in pertinent part that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (1998); *Bryant v. N.Y.S. Educ. Dept.*, 692 F.3d 202, 216 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 2022. "An entity or person receiving housing assistance payments from a recipient on behalf of eligible families under a housing assistance payments program or voucher program is not a recipient or subrecipient merely by virtue of receipt of such payments." 24 C.F.R. § 8.3 (1989).

Plaintiff has failed to allege that she has a handicap or that Defendant evicted her solely on the basis of that handicap for purposes of stating a claim under § 504 of the Rehabilitation Act. Furthermore, Plaintiff's complaint does not set forth facts plausibly showing the receipt of federal funding by Defendant in connection with Plaintiff's rental of the Milton Avenue apartment or her eviction from the same. Plaintiff has alleged that she was the recipient of public assistance and that the Department of Social Services issued checks to Defendant for Plaintiff and her co-tenant's rent. However, those disbursements are insufficient to establish a claim against Defendant under § 504 of the Rehabilitation Act. See *Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 264 (E.D.N.Y. 2009) (recognizing that "an entity or person who receives housing assistance payments under a housing assistance payments program or a voucher program is not a 'recipient' of federal financial assistance by virtue of receipt of such payments" (quotation omitted)). Based on the foregoing, the Court finds that Plaintiff has failed to state a claim under § 504 of the Rehabilitation Act.

**\*4** Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Federal jurisdiction is available only when a "federal question" is presented, when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds $75,000, or when supplemental jurisdiction is appropriate. 28 U.S.C. §§ 1331, 1332, and 1367. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have supplemental jurisdiction over all state-law claims that are so related to federal claims over which they exercise original jurisdiction that they form

part of the same case or controversy under Article III of the Constitution. 28 U.S.C. § 1367(a). Application of supplemental jurisdiction is discretionary, and "it requires a balancing of the considerations of comity, fairness to the litigants, judicial economy, and the avoidance of needless decisions of state law." *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir. 1979) (citation omitted).

When a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 Fed. Appx 194, 195 (2d Cir. 2005) (internal citation omitted).

The allegations set forth in Plaintiff's complaint are analogous to a state law claim for wrongful eviction. Federal courts do not have jurisdiction over landlord-tenant matters unless they are so related to a federal question that a court finds supplemental jurisdiction appropriate. *See Galland v. Margules*, No. 05-CV-5639 (DC), 2005 WL 1981568, *5 (S.D.N.Y. Aug. 17, 2005) (noting that federal courts do not have federal question jurisdiction over state residential landlord-tenant matters), *aff'd*, 191 Fed. Appx. 23, 24 (2d Cir. 2006).

Since the Court has dismissed all of Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over her state-law claims and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Upon a review of the Order and Report-Recommendation, and considering that the parties have failed to object to any of Magistrate Judge Dancks' thorough and well-reasoned recommendations, the Court finds no clear error in Magistrate Judge Dancks' recommendations and hereby affirms and adopts the Order and Report-Recommendation as the opinion of the Court.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' September 28, 2015 Order and Report-Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and the Court further

**Burke v. Vonhard, Not Reported in Fed. Supp. (2016)**
Case 1:22-cv-00238-DNH-TWD   Document 28   Filed 06/01/22   Page 49 of 53
2016 WL 3176653

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2016 WL 3176653

---

**End of Document** © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2011 WL 2550733
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Sol ROSEN and Florence Rosen, Plaintiffs,

v.

NORTH SHORE TOWERS
APARTMENTS, INC., Defendant.

No. 11–CV–00752 (RRM)(LB).
|
June 27, 2011.

**Attorneys and Law Firms**

Sol Rosen, Manhasset, NY, pro se.

Florence Rosen, Floral Parkway, NY, pro se.

Richard M. Resnik, Eddy Salcedo, Jerry Montag, Seyfarth
Shaw LLP, New York, NY, Errol A. Brett, Law Office Errol
Brett, Floral Park, NY, for Defendant.

*MEMORANDUM AND ORDER*

ROSLYNN R. MAUSKOPF, District Judge.

**\*1** Plaintiffs, husband and wife, both appearing *pro se,*[1]
bring this action to recover possession of a cooperative
apartment appurtenant to shares of defendant North Shore
Towers Apartments, Inc., from which they were evicted
pursuant to an order of Queens County Housing Court Judge
Anne Katz. (Am.Compl. (Doc. No. 6) at ¶¶ 3, 5; Decl. of Jerry
A. Montag in Supp. of Mot. to Dismiss ("Montag Decl."),
Ex. E (Doc. No. 43–2) at 2 (Decision and Order of Housing
Court Judge Katz).) Presently before the Court is defendant's
motion to dismiss for lack of subject matter jurisdiction under
12(b)(1) of the Federal Rules of Civil Procedure. (Mot. to
Dismiss (Doc. No. 43) at 1–2.) For the reasons set forth below,
defendant's motion is GRANTED.

[1]     Plaintiff did not file this action *in forma pauperis,*
and, therefore, the sua sponte screening procedures
of 28 U.S.C. § 1915 do not apply.

**BACKGROUND**

On February 15, 2011, plaintiffs filed this action together
with an affidavit in support of an Order to Show Cause for
temporary and preliminary injunctive relief, seeking an order
compelling defendant to restore plaintiffs to possession of the
apartment. (Compl.(Doc. No. 1) at ¶¶ 4–5; Aff. in Supp (Doc.
1–2) at 1–2). The following day, plaintiffs filed an amended
complaint, expanding on the circumstances of their eviction.
(Am. Compl. at ¶¶ 3–5.)

On February 17, 2011, the Court held a lengthy hearing on
plaintiffs' request for injunctive relief. (*See* Minute Entry
dated Feb. 17, 2011 (Doc. No. 5).) Present at the hearing were
both plaintiffs, and then-counsel for defendant, Errol Brett, an
attorney with North Shore Towers who represented defendant
in prior state court proceedings against plaintiffs. The parties,
at times contentiously, revealed a protracted history relating
to plaintiffs' non-payment of maintenance and other charges,
which culminated in plaintiffs' eviction and the forced sale
of plaintiffs' apartment pursuant to order of both the Queens
County Housing Court and the Queens County Supreme
Court. In addition, plaintiff Sol Rosen presented a rambling,
unfocused allegation that defendant's directors, officers and
accountants had defrauded defendant and its shareholders
of $44,000,000 through the levying of fraudulent capital
assessments, and the fraudulent valuation of revenue,
expenses and surplus. (*See, e.g.,* Minute Entry dated Feb. 17,
2011, Pls.' Ex. 4 (Doc 5–10), at 1–3[2].) These allegations,
not included in the original or amended complaints, comprise
much of plaintiff Sol Rosen's opposition to the instant
Motion to Dismiss, and which are, themselves, confused
discursions, comprised of printouts, photocopies, diagrams,
documents from other litigation, and other miscellany, many
accompanied by scrawled handwritten notes and annotations.
(*See, e.g.,* Notice to the Court (Doc. No. 10) at 4–6, 16–20,
27–28; Letter dated Mar. 25, 2011 from Sol Rosen (Doc. No.
21) at 8–14).

[2]     Reference to pages of Plaintiffs' submissions
use the page numbers assigned by the Court's
Electronic Case Filing system.

The Court denied plaintiffs' request for injunctive relief,
finding that questions surrounding this Court's subject matter
jurisdiction rendered success on the merits unlikely. (*See*
Minute Entry dated Feb. 17, 2011; Mem. and Order dated

March 7, 2011 (Doc. No. 16) (denying, *inter alia,* Plaintiffs' Mot. for Recons.).)

 **\*2**  Plaintiffs' eviction followed a July 2010 non-payment proceeding in Queens County Housing Court, in which Judge Ann Katz granted Defendant's motion for summary judgment, awarding defendant possession and an order of eviction, as well as a money judgment for back rent. (Montag Decl., Ex. E at 2.)

Shortly after Judge Katz issued that decision, on July 30, 2010, plaintiffs commenced an action in New York Supreme Court for Queens County, seeking an order temporarily and preliminarily enjoining the eviction, as well as damages for the same fraud and accounting claims raised at the preliminary injunction hearing in this Court. *Rosen v. N. Shore Towers Apartments, Inc.,* No. 19301–2010, slip op. 2 (Sup.Ct. Queens Cnty. Sept. 15, 2010). That court granted the temporary injunction restraining execution of the warrant of eviction pending the disposition of plaintiffs' allegations of fraud. *Id.* In January 2011, Supreme Court Judge Alan Weiss dismissed the complaint, finding that plaintiffs had failed to state a claim for fraud, and vacated the temporary injunctive relief. *Id.* at 4–6. On February 14, 2011, City Marshal George Essock executed the warrant of eviction. (*See* Montag Decl., Ex. I (Doc. No. 43–11) (warrant of eviction).)

Pursuant to an amended briefing schedule established by this Court's Order dated May 13, 2011 (Doc. No. 37), defendant submitted the instant motion to dismiss on May 27, 2011. On May 31, 2011, plaintiff Sol Rosen submitted several untimely responses to defendant's motion. (Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. No. 45) ("Pl.'s Opp'n I"); Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. No. 47) ("Pl.'s Opp'n II"); Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. No. 48) ("Pl.'s Opp'n III"); Pl.'s Reply to Defs.' Mot. to Dismiss (Doc. No. 50) ("Pl.'s Reply").) In light of plaintiff's *pro se* status, the Court accepts plaintiff Sol Rosen's untimely opposition papers, and has considered them in deciding the instant motion as though they were timely. Plaintiff Florence Rosen does not oppose defendant's motion to dismiss. (Decl. of Florence Rosen (Doc. No. 42) at 1). For the reasons below, defendant's motion is GRANTED and plaintiffs' amended complaint is dismissed in its entirety.

### STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000) (citing Fed.R.Civ.P. 12(b)(1)); *see also Oscar Gruss & Son, Inc. v. Hollander,* 337 F.3d 186, 193 (2d Cir.2003) ("Failure of subject matter jurisdiction, of course, is not waivable and may be raised at any time by a party or by the court *sua sponte."* ) In considering a motion to dismiss for lack of subject matter jurisdiction, a district court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 110 (2d Cir.2004) (citation omitted). This Court, however, "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* (citations omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys. Inc.,* 426 F.3d 635, 638 (2d Cir.2005).

 **\*3**  Furthermore, when considering a motion to dismiss a *pro se* complaint, the Court must interpret the complaint liberally to raise the strongest claims that the allegations suggest. See *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir.2000); *see also Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) (noting that courts should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks omitted)). However, mere "conclusions of law or unwarranted deductions" need not be accepted. *First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 771 (2d Cir.1994) (quoting 2A Moore & Lucas, Moore's Federal Practice ¶ 12.08, at 2266–69 (2d ed.1984)).

### DISCUSSION

The rambling, largely incoherent amended complaint, read together with plaintiffs' equally confusing subsequent submissions, seeks, in essence, an order vacating both the Housing Court's judgment of eviction and the Supreme Court's dismissal of plaintiffs' complaint on the grounds that the state court decisions were wrongly decided. (*See, e.g.,* Am. Compl at ¶¶ 3–5; Notice to the Court (Doc. No. 10) at 1–3.) Although not stated in the pleadings, plaintiffs also attempt to raise the haphazard claims of fraud and accounting malpractice mentioned above, through submissions fraught

with recycled state court documents, scribbled rants, Internet postings, jumbled calculations, and demands that the Court appoint lawyers and accountants to investigate and recover $44,000,000 which is alleged to have been taken from the coffers of North Shore Towers. ((*See, e.g.,* Notice to the Court at 4–6, 16–20, 27–28; Letter dated March 25, 2011 from Sol Rosen (Doc. No. 21) at 8–14; Letter dated March 29, 2011 from Sol Rosen (Doc. No. 24) at 2; Letter dated April 5, 2011 from Sol Rosen (Doc. No. 23) at 3–10; *see generally* Pl.'s Opp'n I–III; Pl.'s Reply; Letters from Sol Rosen dated April 13, 2011 (Doc. No. 25), April 16, 2011 (Doc. No. 26), April 26, 2011 (Doc. No. 32), April 29, 2011 (Doc. No. 33), April 30, 2011 (Doc. No. 34), May 5, 2011 (Doc. No. 36), May 16, 2011 (Doc. No. 41)).) Defendants move to dismiss for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine.

### I. *Rooker–Feldman*

The *Rooker–Feldman* doctrine provides that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments." *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 84 (2d Cir.2005); *see Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *see also Gyadu v. Unemployment Compensation,* 173 F.3d 844 (unpublished table decision), No. 98–7594, 1999 WL 132179, at *1 (2d Cir. Mar.9, 1999) (" '[L]ower federal courts possess no power whatever to sit in direct review of state court decisions.' " (quoting *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 296, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970))). The *Rooker–Feldman* doctrine operates to bar subject matter jurisdiction in " 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' " *McKithen v. Brown,* 481 F.3d 89, 96 (2d Cir.2007) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

**\*4** The Second Circuit has set forth four requirements necessary for *Rooker–Feldman* to apply to bar an action: 1) the federal-court plaintiff must have lost in state court; 2) the plaintiff must be complaining of injuries caused by a state-court judgment; 3) the plaintiff must be inviting district court review and rejection of that judgment; and 4) the state-court judgment must have been rendered before the district court proceedings commenced. *Hoblock,* 422 F.3d at 85.

Here, the gravamen of plaintiffs' claims is that the Housing Court judgment of eviction, and subsequent Supreme Court order, were wrongly decided, and that the plaintiffs should, therefore, be returned to possession. All four *Hoblock* requirements are met here. First, plaintiffs lost in state court when the Housing Court judgment awarded possession to defendants, and the Supreme Court dismissed plaintiffs' complaint. *See Rosen,* No. 19301–2010, slip op. 2–3, 5–6 (Sup.Ct. Queens Cnty. Sept. 15, 2010); Montag Decl., Ex. E, at 2). Second, plaintiffs' principal injury—dispossession from their home—was caused by the Housing Court judgment because, but for the judgment, plaintiffs would remain in possession of their home. Third, plaintiffs seek "review and rejection" of the judgment because a judgment in plaintiffs' favor necessarily would require the district court to "determine that a state-court judgment was erroneously entered or was void" or "fraudulently procured." *See Kropelnicki v. Siegel,* 290 F.3d 118, 129 (2d Cir.2002). Fourth, the Housing Court judgment and Supreme Court order were issued before this action was commenced.

The Court notes that plaintiffs' claims are indistinguishable from others brought by state-court losers seeking vacatur of Housing Court judgments of eviction, which courts in this Circuit routinely dismiss for lack of subject matter jurisdiction under *Rooker–Feldman. See Torres v. City of N.Y.,* No. 09–CV–1894 (KAM), 2009 WL 1346396, at *2 (E.D.N.Y. May 13, 2009) (district court lacks jurisdiction to vacate "the orders of the state courts regarding [plaintiff's] upcoming eviction from her home"); *Trang v. Concris Realty Co.,* No. 05–CV–5441 (RJD)(LB), 2005 WL 1398004, at *2 (E.D.N.Y. June 14, 2005) (federal court lacks jurisdiction over eviction proceedings); *McAllan v. Malatzky,* No. 97–CV–8291 (JGK), 1998 WL 24369, at *2–3 (S.D.N.Y. Jan.22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing matter as a violation of his constitutional rights), *aff'd,* 173 F.3d 845 (2d Cir.1999); *see also Ashby v. Polinsky,* No. 06–CV–6778 (DLI), 2007 WL 608268, at *1 (E.D.N.Y. Feb.22, 2007) ("[C]ourts in this Circuit ... consistently [hold] that any attack on a judgment of foreclosure is clearly barred by the *Rooker–Feldman* doctrine.") (internal quotation marks omitted), *aff'd,* 328 F. App'x 20 (2d Cir.2009); *Swiatkowski v. Citibank,* No. 10–CV–114 (JFB), 2010 WL 3951212, at *11 (E.D.N.Y. Oct.7, 2010).

**\*5** Moreover, even giving plaintiffs the benefit of the doubt as *pro se* litigants, plaintiffs wholly fail to present in the

amended complaint an independent federal question or other basis for invoking the jurisdiction of this Court. Although plaintiffs have couched their amended complaint, in part, in terms of "various civil and constitutional rights violations, [it] essentially amounts to an [appeal of] the disposition of the [Housing Court] action." *Swiatkowski,* 2010 WL 3951212, at *11 (quoting *Swiatkowski v. New York,* 160 F. App'x 30, 32 (2d Cir.2005)). For all of these reasons, the Court lacks subject matter jurisdiction over plaintiffs' amended complaint under the *Rooker–Feldman* doctrine.

**II. Leave to amend**

To the extent that plaintiffs seek to amend their complaint through the hundreds of pages of disjointed and confused submissions, such leave is similarly DENIED. The standard governing leave to amend, flexible to begin with, is further liberalized for *pro se* plaintiffs. *See* Fed. R. Civ. P. 15(a)(2); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000). Even under this broad standard, however, the Court maintains its discretion to deny leave to amend "in instances of futility." *Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 126 (2d Cir.2008) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Here, plaintiffs' claims were presented to the Supreme Court and dismissed. Again, having lost in state court, plaintiffs' attempt to accomplish in this Court what they failed to do in state court, and have failed to establish any independent federal question. As with plaintiffs attempts to re-litigate their eviction, these claims fail as a matter of law for lack of subject matter jurisdiction, and repleading would thus be futile. *See Cuoco,* 222 F.3d at 112 ("The problem with [plaintiff's claims] is substantive; better pleading will not cure it. Such a futile request to replead should be denied.").

Moreover, having taken great pains to review these submissions in their entirety, the Court concludes that, even if the claims were not barred under the *Rooker–Feldman* doctrine, a complaint amended to include plaintiffs' muddled fraud and malpractice claims would not survive a motion to dismiss for failure to state a claim under the *Twombly* and *Iqbal* plausibility standard for federal pleading, let alone the heightened standard applicable to fraud pleadings under

Federal Rule of Civil Procedure 9(b). *See Ashcroft v. Iqbal,* ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (dismissal appropriate where "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."); *Prezzi v. Schelter,* 469 F.2d 691, 692 (2d Cir.1972) (per curiam) (dismissal appropriate where complaint is a "labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *Iwachiw v. N.Y.C. Bd. of Elections,* 273 F.Supp.2d 224, 227 (E.D.N.Y.2003) (dismissing complaint as "hopelessly unintelligible"). And even in those few snippets where intelligible, plaintiffs' claims are conclusory and wholly unsupported by factual allegations. Indeed, plaintiff Sol Rosen implicitly concedes this point through his multiple requests that this Court aid him in his "investigation" to gather evidence of his alleged fraud. *See, e.g.,* Letter dated April 29, 2011 (requesting that the Court order the appointment of accountants and law firms to investigate and recover losses occasioned by the alleged fraud).

**CONCLUSION**

**\*6** For the above reasons, defendant's motion to dismiss is GRANTED and plaintiffs' complaint is DISMISSED in its entirety for lack of subject matter jurisdiction. Leave to amend is DENIED as futile. The Clerk of Court is directed to enter Judgment accordingly and to close the case. The Clerk is further directed to transmit a copy of this Order to both plaintiffs *pro se* via U.S. Mail at the addresses listed on the docket for each plaintiff.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 2550733

---